# EXHIBIT A



UNITED STATES OF AMERICA

CERTIFICATE OF CITIZENSHIP

No. A2996153

USCIS Registration No. A046633823

Personal description of holder as of date of issuance of this certificate: Sex ___ Male ___ , Date of birth ___ November 17, 1984 ___ .
Height __**__ feet __***__ inches; Marital status ___ Single ___ ; Country of birth ___ JAMAICA ___

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me

Davinc Watson

(Complete and true signature of holder)

Be it known that:   DAVINC HOPETON WATSON

now residing at   BROOKLYN, NY

having applied to the Director of U.S. Citizenship and Immigration Services for a certificate of citizenship pursuant to Section 341 of the Immigration and Nationality Act, having proved to the satisfaction of the Director that (s)he is now a citizen of the United States of America, became a citizen thereof on ___ September 17, 2002 ___ and is now in the United States.

Now Therefore, in pursuance of the authority contained in Section 341 of the Immigration and Nationality Act, this certificate of citizenship is issued this ___ 26th ___ day of ___ November ___ Two Thousand and Thirteen and the seal of the Department of Homeland Security affixed pursuant to statute.

Alejandro N Mayorkas
U.S. Citizenship and Immigration Services

# EXHIBIT B

# RECORD OF DEPORTABLE ALIEN

(See A.M. - 2790.31 -34 for instructions)

| Family Name (Capital Letters) Given Name Middle Name | Sex | Hair | Eyes | Complexion |
|---|---|---|---|---|
| WATSON, DAVINO HOPETON | M | BLK | BRO | DBR |

| Country of citizenship | Passport Number and Country | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| JAMAICA | | A46 633 823 | 71 | 170 | |

| U.S. Address    (Residence)    (Number)    (Street)    (City)    (State)    (Zip Code) | Scars or Marks Tat.: |
|---|---|
| DOWNSTATE C/F | CLAIMS NONE |

| Date, Place, Time, Manner of Entry | Passenger Boarded at | Marital Status ☐WIDOW(ER) |
|---|---|---|
| 08/04/1998 (ADJUSTED TO LPR ) WSC | (k)(2),(b)(7)(e) | ☒SINGLE ☐SEPARATED ☐MARRIED ☐DIVORCED |

| Number, Street, City, Province (State), and Country of Permanent Residence | |
|---|---|
| Same as above | (k)(2),(b)(7)(e) |

| Birthdate | Date of Action | Location | (At/Near) | Date & Hour |
|---|---|---|---|---|
| 11/17/1984 | | Castle Point | DWN C.F. | 10/09/2007 |

| City, Province (State) and Country of Birth | AR   Form: (Type & No.) | ☐ Lifted | |
|---|---|---|---|
| KINGSTON, JAMAICA | ☐ | ☐ Not lifted (k)(2),(b)(6),(b)(7)c | |

| Visa Issued At - NIV No. | Social Security Account Name | Status When Found |
|---|---|---|
| | SAA | Institution |

| Date Visa Issued | Social Security No. | Send C.O.Rec Check | Length of time in US |
|---|---|---|---|
| | UNK | | |

| Immigration Record | Criminal Record | SEE RAP SHEET. NYSID# 3198881N |
|---|---|---|
| DETAINER: ☐YES/☒NO    PRIOR DEPORT: ☐YES/☒NO | | CONVICTED ☒  INVD☐  CLMD☐ |

| Name, Address, and Nationality of Spouse (Maiden Name, if appropriate) | Number & Nationality of Minor Children |
|---|---|
| (k)(2),(b)(6),(b)(7)c | UNK |

| | AGE | DOB | Mother's Present Maiden Name, Nationality & Addr., if known | AGE | DOB |
|---|---|---|---|---|---|
| (k)(2),(b)(6),(b)(7)c | | | (k)(2),(b)(6),(b)(7)c | | |

| Monies Due/Property in U.S. not immediate possession☐  None☐  See I-43 | Fingerprinted ☐ Yes ☐ No | Location Print Obtained ☐ Not Listed ☐ Listed,code____ | Salary | Deportation Charge(s) From:    To: |
|---|---|---|---|---|
| Name and Address of (Current/Last) Employer | Type of Employment | | | |

Parent Info:    Father   CUSC / LPR / Not LPR          Parents Married at Birth    Y / N
               Mother  CUSC /LPR / Not LPR           Parents Still Married       Y / N

DERIVATIVE US CITIZENSHIP; ☐Y/☐N          Claims USC: Y / N

INSTITUTION:   DOWNSTATE          INMATE# 07A5371          EPR DATE: 12/29/2009

Do you have a Passport/ Birth Certificate & Can you get it? *No*

Have you ever used any other name & DOB? *No*

Telephone number to verify status: (718)37(k)(2),(b)(6),(b)( PARENTS

Do you have credible fear of returning to you Native Country? _____

Health: *Good*

Military Service: Y /(N) Branch_____ Dates of SVS _____ Unit _____

Petitions Filed / Pending: Y (N)

Language: Spanish / English / Other_____

Name of School / Church attended in Foreign Country? _____          (k)(2),(b)(6),(b)(7)c          I.E.A.

| DISTRIBUTION | Received (subject and Officer |
|---|---|
| 1-FILE | |
| 1- STATS | Date |
| | Disposition. |
| | (Receiving Officer) |

ICE.2014FOIA901.000126

# EXHIBIT C

```
CIMDTL              IMMIGRATION AND NATURALIZATION SERVICE        04/04/08
COMMAND:         CENTRAL INDEX SYSTEM - PERSONAL DESCRIPTION DISPLAY  10:44:52

A#: 046633823 NAME: WATSON                    ,DAVINO           DOB: 11171984

      LAST: WATSON
     FIRST: DAVINO                             NATZ DATE:
    MIDDLE: HOPETON                                COURT:
   ALIASES:                                     LOCATION:


    SEX: M      POE: WSC   COB: JAMAI    DOE: 08041998
    FCO: NYC    COA: F22   COC: JAMAI    FTC: 10302007    FATHER: HOPETON
   PFCO: NRC   SFCO:       DFO: 05131998  BIN:            MOTHER: DORETT


        SSN:                      CONSOLIDATED A-NOS    --OTHER INFORMATION--
 I-94 ADM #:                                            CARD-X
 PASSPORT #:
      FBI #:
 DRIVER LIC:
 FINGER CD#:


 OVER-KEY A# TO DISPLAY NEW PERSON. PRESS  ENTER.  CLEAR EXIT  PF1 NEXT CONS A#
 PF2 PRIOR CONS A#   PF4 RETURN  PF5 HELP PF6 MAIN MENU  PF8 HISTORY  PF11 EOIR
```

# EXHIBIT D

(b)(7)(c)      (b)(6)

| Field | Value |
|---|---|
| ID | |
| Interview Date | 10/9/2007 |
| Review | |
| Interview Agent | |
| Din Number | 07A5371 |
| NYSID Number | 3198881N |
| EPR Date | 12/29/2009 |
| County Jail ID | |
| Inmate name | WATSON, DAVINO |
| INS Status | LPR |
| State Status | 5 |
| A Number | A46633823 |
| INS Last Name | WATSON |
| POB | JAMAICA |

USC ☐      Non Amenable ☐

Bedford Interview ☐      Federal Case ☐

Televideo ☐      BOP Number

| Field | Value |
|---|---|
| Interview Facility | DOWNSTATE |
| A File ordered | ☑ |
| FCO | NRC |
| A File received | 11/1/2007 |

Cert/SC ordered ☐      HQ Cert ordered ☐

| Field | Value |
|---|---|
| Cert Received | |
| Appeal Ordered | ☑ |
| Appeal Received | 1/18/2008 |

Criminal Appeal pending ☐      Detainer issued ☑

Possible Derivation (USC) ☐      Date issued  4/8/2008

Waiting on Parent/Relating file ☐      Acknowledged ☐

| Field | Value |
|---|---|
| Father's A file | |
| FCO Father | HAR |
| Father's File received | 3/27/2008 |
| Mother's A file | |
| Mother's FCO | NYC |
| Mother's file received | 11/29/2007 |
| Relating A # | |
| Relating file received | |

open case ☐      Comments

Subj is an LPR convicted of ATT CSCS 3rd: Cocaine.  Phase one forwarded to SIEA ___ 0/11/2007. NTA issued 4/8/08, no derivation, father is LPR, mom natz on 9/1/06 too late.

Military letter needed ☐

RTW ☐

(b)(7)(c)      (b)(6)

Reinstatement ☐      Admin Removal ☐      Removal Order ☐

NTA Issued ☑      Motion to Reopen ☐

| Field | Value |
|---|---|
| Completion date | 4/8/2008 |
| Case Closing Agent | ESTRADA |



**U.S. Department of Homeland Security**        **Notice to Appear, Bond, and Custody Processing Sheet**

| A. Alien's Name Davino Hopeton WATSON |
|---|

| Date of birth | File No. A046 633 823 | Date of processing |
|---|---|---|
| 11/17/1984 | Event No: (k)(2),(b)(7)(e) | 04/07/2008 |

Address
LAKEVIEW CF PO BOX T 07A5371 EPR: 5/8/2008 NYSID: 3198881N BRCOTON NEW YORK UNITED
STATES 14716

Factual Allegations (attach separate sheet if necessary):    ☐ Charged under section 212 as inadmissible    ☒ Charged under section 237 as deportable
1) You are not a citizen or national of the United States;

2) You are a native of Jamaica and a citizen of Jamaica;

3) You were admitted to the United States at New York, NY on or about August 4, 1998 as a Lawful Permanent
Resident;

4) You were convicted of the crime of Attempted Criminal Sale of a Controlled Substance in the Third
degree, to wit; Cocaine, in violation of Section 110/220.39(1) of the New York State Penal Law,
pursuant to a judgment entered on or about September 18, 2007 by the Supreme Court of the State of New
York, County of New York under indictment number 167-07.

☐ Attorney of Record?

Supporting Evidence
I213, S&C, appeal check, record checks, Imm visa, parent files

**B. ADDITIONAL FACTORS TO BE CONSIDERED FOR BOND/CUSTODY DETERMINATION**

1. Is a petition or application pending for this alien or a family member? (Explain)
None found

2. Total times apprehended
Bonded before? _____     How many times? _____     Released O/R before? _____
Bond breached? _____     How many times? _____     Complied with terms of O/R? _____

3. Present health of subject, spouse and children (Explain if other than good)
Claims good

4. Total time in U.S., dates and location; residing with (Family members or others)
See I213 narrative

5. Personal property in U.S. (Liquid and non-liquid assets)

6. Family members in U.S. (Spouse, children, immediate relatives) address if different than subject's

7. Employment history: (Other than current)
From   /  / To   /  /     NONE

8. Other factors (i.e. false claim, attempted flight, unsupervised children at home, etc.

C. The undersigned recommends:    ☐ VD without NTA    ☒ NTA Charges (C(k)(2),(b)(7)(e)        (k)(2),(b)(6),(b)(7)c

D. Approved as to legal sufficiency:    Date:         (k)(2),(b)(6),(b)(7)c

Signature and title of Service counsel: _____

E. Based on the above information I have set the following bond: $ __no bond__    Date (k)(2),(b)(6),(b)(7)c   Office: NYC/NYC

Signature and title of authorizing official: _____ (k)(2),(b)(6),(b)(7)c        4|10|08

Form I-265 (Rev. 08/01/07)

Is on still an LPR - see (k)(2),(b)(6),(b)(7)c, (k)(2),(b)(7)(e)
Mother in US          (k)(2),(b)(6),(b)(7)c

ICE.2014FOIA901.000121

  

| U.S. Department of Homeland Security | Subject ID : 271221408 | Record of Deportable/Inadmissible Alien |

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| WATSON, Davino Hopeton | | | M | BLK | BRO | DBR |

| Country of Citizenship | Passport Number and Country of Issue | | Height | Weight | Occupation |
|---|---|---|---|---|---|
| JAMAICA | | Case No (k)(2),(b)(7)(e) A04663... | 71 | 170 | NONE |

U.S. Address
See Narrative

Scars and Marks
None Indicated

Date, Place, Time, and Manner of Last Entry
08/04/1998, Unknown Time, NYC, LPR

Passenger Boarded at
KINGSTON

(k)(2),(b)(7)(e)  ☒ Single  ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated

Number, Street, City, Province (State) and Country of Permanent Residence
DUCKENFIELD DISTRICT, GOLDEN COVE P.O.  ST. THOMAS, JAMAICA

(k)(2),(b)(7)(e)  prehension

| Date of Birth 11/17/1984  Age: 23 | Date of Action H 7 08. | Location Code NYC/NYC | At/Near See I-831 | Date/Hour 04/07/2008 |
|---|---|---|---|---|

City, Province (State) and Country of Birth
KINGSTON, JAMAICA

AR ☒  Form : (Type and No.) Lifted ☐  Not Lifted ☐

(k)(2),(b)(6),(b)(7)c

NIV Issuing Post and NIV Number
KINGSTON, JAMAICA

Social Security Account Name
DAVINO HOPETON WATSON

Status at Entry
Legal Permanent

Status When Found
IN INSTITUTION

Date Visa Issued
CLASS F22 13-MAY-1998

Social Security Number
Unknown

Length of Time Illegally in U.S.
NOT APPLICABLE

Immigration Record
POSITIVE - See Narrative

Criminal Record
See Narrative

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate)
N/A

Number and Nationality of Minor Children
UNKNOWN

Father's Name, Nationality, and Address, if Known
See Father info in Narrative

Mother's Present and Maiden Names, Nationality, and Address, if Known
See Mother info in Narrative

Monies Due/Property in U.S. Not in Immediate Possession
None Claimed

Fingerprinted? ☒ Yes ☐ No

Systems Checks
See Narrative

Charge Code Words(s)
See Narrative

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| NONE | | Hr | / / / / |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)


US ADDRESS
----------
LAKEVIEW CF PO BOX T 07A5371 EPR: 5/8/2008 NYSID: 3198881N
BRCOTON, NEW YORK, 14716,

FATHER NAME & ADDRESS
---------------------
   Nationality:JAMAIC     (k)(2),(b)(6),(b)(7)c
LPR (k)(2),(b)(6),(b)(7)c

MOTHER's NAME & ADDRESS
-----------------------
   Nationality:JAMAIC     (k)(2),(b)(6),(b)(7)c

RECORDS CHECKED
---------------

(k)(2),(b)(7)(e)

              ON I-831)

                                    (k)(2),(b)(6),(b)(7)c


Alien has been advised of communication privileges _____ (Date/Initials)

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| FILE-1 | Officer: (k)(2),(b)(6),(b)(7)c |
| STATS-1 | on: _____ (time) |
| | Disposition: Warra_____ar |
| | Examining Officer: (k)(2),(b)(6),(b)(7)c |

Form I-213 (Rev. 08/01/07)

ICE.2014FOIA901.000161

U.S. Department of Homeland Security               Continuation Page for Form   I213

| Alien's Name | File Number | Date |
|---|---|---|
| WATSON, Davino Hopeton | A046633823 | 04/07/2008 |
| | Event No: (k)(2),(b)(7)(e) | |

(k)(2),(b)(7)(e)

CHARGE CODES
  - - - -

(k)(2),(b)(7)(e)

At/Near
- - - - - - - - - - - -
Castle Point, NY

Record of Deportable/Excludable Alien:
LPR (I.V.)
DIN: 07A5371
EPR: 05/08/2008
NYSID: 3198881N

PREDICATION: The subject was encountered and interviewed by a Castle Point, New York ICE/IHP
Agent on 10/09/2007 at the Downstate Correctional Facility (NYDOCS). He was convicted on
09/18/2007 of Attempted CSCS-3rd degree and was sentenced to a term of 3-1/2 years
confinement. He is serving his sentence at the Lakeview Correctional Facility scheduled to
be release on 05/08/2008. The subject was also convicted of Attempted Robbery-2nd degree on
01/26/2005 and sentenced to 5-years probation and 30-days confinement. On 02/22/2006, he
was re-sentenced for violation of probation and sentenced to an additional 8-months
incarceration for the Robbery conviction.

ALIENAGE AND DEPORTABILITY: The subject is a national and citizen of Jamaica and a Lawful
Permanent Resident of the United States. His parents are nationals and citizens of Jamaica
who have not naturalized. No issue of derivation applies. Subject entered the United
States on 08/04/1998 as a class F22 Immigrant.

| Signature | | Title |
|---|---|---|
| | (k)(2),(b)(6),(b)(7)c | DEPORTATION OFFICER |

2 of 2 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form I213

| Alien's Name WATSON, Davino Hopeton | File Number A046633823 | Date |
|---|---|---|
| NCIC Pos | Event No: NYC0804000899 | 04/07/2008 |

CHARGE CODES
------------
R2A3
R2B1
R2A3


At/Near
------------
Castle Point, NY


Record of Deportable/Excludable Alien:
LPR (I.V.)
DIN: 07A5371
EPR: 05/08/2008
NYSID: 3198881N

PREDICATION: The subject was encountered and interviewed by a Castle Point, New York ICE/IHP Agent on 10/09/2007 at the Downstate Correctional Facility (NYDOCS). He was convicted on 09/18/2007 of Attempted CSCS-3rd degree and was sentenced to a term of 3-1/2 years confinement. He is serving his sentence at the Lakeview Correctional Facility scheduled to be release on 05/08/2008. The subject was also convicted of Attempted Robbery-2nd degree on 01/26/2005 and sentenced to 5-years probation and 30-days confinement. On 02/22/2006, he was re-sentenced for violation of probation and sentenced to an additional 8-months incarceration for the Robbery conviction.

ALIENAGE AND DEPORTABILITY:  The subject is a national and citizen of Jamaica and a Lawful Permanent Resident of the United States.  His parents are nationals and citizens of Jamaica who have not naturalized.  No issue of derivation applies.  Subject entered the United States on 08/04/1998 as a class F22 Immigrant.

| Signature JUAN ESTRADA | Title DEPORTATION OFFICER |
|---|---|

# EXHIBIT E

Received on 9/23/02 — Hopeton U. Watson

No. 27165011

UNITED STATES OF AMERICA

INS Registration No: A041458063

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

(complete and true signature of holder)

Be it known that, pursuant to an application filed with the Attorney General

at: NEW YORK, NEW YORK

The Attorney General having found that:

HOPETON ULANDO WATSON

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States; and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

US DISTRICT COURT EASTERN DISTRICT

at: BROOKLYN, NEW YORK          on: SEP 17 2002

that such person is admitted as a citizen of the United States of America.

Commissioner of Immigration and Naturalization

CERTIFICATE OF NATURALIZATION

Personal description of holder as of date of naturalization:

Date of birth: MAY 19, 1954

Sex: MALE

Height: 5 feet 6 inches

Marital status: MARRIED

Country of former nationality: JAMAICA

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

X Hopeton Ulando Watson

FORM N-550 REV. 6-91

```
CIMIDN                    IMMIGRATION AND NATURALIZATION SERVICE              11/06/02
COMMAND:              CENTRAL INDEX SYSTEM - ID # SEARCH DISPLAY               13:14:43

 ID # (A/AA/AB/C/DA):                              A#: 041458063       DOB: 05191954
    (DL/FB/FP/I/PP/SS/TD)
       LAST: WATSON                                          C #: 27165011
      FIRST: HOPETON                              NATZ DATE: 09172002
     MIDDLE: ULANDO                                   COURT: 0000
    ALIASES:                                       LOCATION: NYC


    SEX:         POE: NYC   COB: JAMAI    DOE: 10291988
    FCO: NYC     COA: USC   COC:          FTC: 05072002   FATHER: ROY
    PFCO: ESC    SFCO:      DFO: 10291988 BIN:            MOTHER: OLGA

        SSN:                          CONSOLIDATED A-NOS   --OTHER INFORMATION--
  I-94 ADM #:                         041458063           CARD-X
  PASSPORT #:                         027907753
       FBI #:
  DRIVER LIC:
  FINGER CD#:


            OVER-KEY ID NUMBER TO DISPLAY NEW PERSON.  PRESS ENTER.
  CLEAR EXIT  PF3 REFRESH  PF4 RETURN PF5 HELP PF6 MAIN MENU  PF8 HISTORY PF9 EAD
  PF10 REQUIRES A SPECIAL SECURITY CLASS.                    PF10 NAILS PF11 EOIR
```

**U.S. Department of Justice**
Immigration and Naturalization Serv~

OMB #1115-0009
Application for Naturalization

## START HERE - Please Type or Print

FOR INS USE ONLY

## Part 1. Information about you.

| Family Name | Watson | Given Name | Hopeton | Middle Initial | G(lanti) |
|---|---|---|---|---|---|

**U.S. Mailing Address** - Care of

| Street Number and Name | 1024 E. 40 street | Apt. # | |
|---|---|---|---|
| City | Brooklyn | County | Kings |
| State | N.Y. | ZIP Code | 11210 |

| Date of Birth (month/day/year) | 05 19 54 | Country of Birth | Jamaica |
|---|---|---|---|
| Social Security # | 085-76 7798 | A # | 41458063 |

Returned

Resubmitted

Reloc Sent

Reloc Rec'd

## Part 2. Basis for Eligibility (check one). # 27165011

a. ☑ I have been a permanent resident for at least five (5) years
b. ☐ I have been a permanent resident for at least three (3) years and have been married to a United States Citizen for those three years.
c. ☐ I am a permanent resident child of United States citizen parent(s).
d. ☐ I am applying on the basis of qualifying military service in the Armed Forces of the U.S. and have attached completed Forms N-426 and G-325B
e. ☐ Other. (Please specify section of law)

☐ Applicant Interviewed

At interview

☐ request naturalization ceremony at court

Remarks

## Part 3. Additional information about you.

| Date you became a permanent resident (month/day/year) | 10,-29-88 | Port admitted with an immigrant visa or INS Office where granted adjustment of status. | NYC |
|---|---|---|---|

Citizenship Jamaican.

Name on alien registration card (if different than in Part 1)

Other names used since you became a permanent resident (including maiden name)

| Sex | ☑ Male ☐ Female | Height | 5' 6½" | Marital Status: | ☐ Single ☑ Married | ☐ Divorced ☐ Widowed |
|---|---|---|---|---|---|---|

Can you speak, read and write English? ☐ No ☑ Yes.

**Absences from the U.S.:**

Have you been absent from the U.S. since becoming a permanent resident? ☐ No ☑ Yes.

If you answered **"Yes"**, complete the following. Begin with your most recent absence. If you need more room to explain the reason for an absence or to list more trips, continue on separate paper.

| Date left U.S. | Date returned | Did absence last 6 months or more? | Destination | Reason for trip |
|---|---|---|---|---|
| 3/17 2000 | 3/25/2001 | ☐ Yes ☑ No | London | Vacation |
| 8/13 2000 | 8/22/2000 | ☐ Yes ☑ No | Cruise | Vacation |
| | | ☐ Yes ☐ No | | |
| | | ☐ Yes ☐ No | | |
| | | ☐ Yes ☐ No | | |
| | | ☐ Yes ☐ No | | |

Action

**APPROVED**
AND DISTRICT DIRECTOR

AUG - 2 2012

NYC 8044

To Be Completed by
**Attorney or Representative, if any**
☐ Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #

Form N-400 (Rev. 07/17/91)N

*Continued on back.*

8

## Part 4. Information about your residences and employment.

A. List your addresses during the last five (5) years or since you became a permanent resident, whichever is less. Begin with your current address. If you need more space, continue on separate paper.

| Street Number and Name, City, State, Country, and Zip Code | Dates (month/day/year) | |
| | From | To |
| 1024 E 40 Street Brooklyn NY 11210 | 1985 | Present |
| | | |

B. List your employers during the last five (5) years. List your present or most recent employer first. If none, write "None". If you need more space, continue on separate paper.

| Employer's Name | Employer's Address Street Name and Number - City, State and ZIP Code | Dates Employed (month/year) | | Occupation/position |
| | | From | To | |
| Ny Transit Authority | 370 Jaly Street Brooklyn NY on Work com | 1998 | Present | Man Jance broke SSR |

## Part 5. Information about your marital history.

A. Total number of times you have been married __1__. If you are now married, complete the following regarding your husband or wife.

| Family name | Given name | Middle initial |
| Watson | Clare | |

| Address | 1024 E 40 Street Brooklyn NY 11210 |

| Date of birth (month/day/year) 04/11/47 | Country of birth Jamaican | Citizenship U.S.A. |
| Social Security# 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 | A# (if applicable) | Immigration status (If not a U.S. citizen) |

| Naturalization (If applicable) (month/day/year) September 16/86 | Place (City, State) Easter Dist of New york. |

If you have ever previously been married or if your current spouse has been previously married, please provide the following on separate paper: Name of prior spouse, date of marriage, date marriage ended, how marriage ended and immigration status of prior spouse.

## Part 6. Information about your children.

B. Total Number of Children __2__. Complete the following information for each of your children. If the child lives with you, state "with me" in the address column; otherwise give city/state/country of child's current residence. If deceased, write "deceased" in the address column. If you need more space, continue on separate paper.

| Full name of child | Date of birth | Country of birth | Citizenship | A - Number | Address |
| Davin Watson | 01/12/80 | Jamaica | Jamaican | | Boston (U.SA) |
| Bavino Watson | 11/17/84 | Jamaica | Jamaican | | With me. |
| | | | | | |
| | | | | | |
| | | | | | |

*Continued on back*

## Part 7. Additional eligibility factors.

Please answer each of the following questions. If your answer is **"Yes"**, explain on a separate paper.

1. Are you now, or have you ever been a member of, or in any way connected or associated with the Communist Party, or ever knowingly aided or supported the Communist Party directly, or indirectly through another organization, group or person, or ever advocated, taught, believed in, or knowingly supported or furthered the interests of communism? ☐ Yes ☑ No

2. During the period March 23, 1933 to May 8, 1945, did you serve in, or were you in any way affiliated with, either directly or indirectly, any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, citizen unit of the Nazi party or SS, government agency or office, extermination camp, concentration camp, prisoner of war camp, prison, labor camp, detention camp or transit camp, under the control or affiliated with:
   a. The Nazi Government of Germany? ☐ Yes ☑ No
   b. Any government in any area occupied by, allied with, or established with the assistance or cooperation of, the Nazi Government of Germany? ☐ Yes ☑ No

3. Have you at any time, anywhere, ever ordered, incited, assisted, or otherwise participated in the persecution of any person because of race, religion, national origin, or political opinion? ☐ Yes ☑ No

4. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☑ No

5. Have you ever failed to comply with Selective Service laws? ☐ Yes ☑ No
   If you have registered under the Selective Service laws, complete the following information:
   Selective Service Number:_____ Date Registered:_____
   If you registered before 1978, also provide the following:
   Local Board Number:_____ Classification:_____

6. Did you ever apply for exemption from military service because of alienage, conscientious objections or other reasons? ☐ Yes ☑ No

7. Have you ever deserted from the military, air or naval forces of the United States? ☐ Yes ☑ No

8. Since becoming a permanent resident, have you ever failed to file a federal income tax return? ☐ Yes ☑ No

9. Since becoming a permanent resident, have you filed a federal income tax return as a nonresident or failed to file a federal return because you considered yourself to be a nonresident? ☐ Yes ☑ No

10. Are deportation proceedings pending against you, or have you ever been deported, or ordered deported, or have you ever applied for suspension of deportation? ☐ Yes ☑ No

11. Have you ever claimed in writing, or in any way, to be a United States citizen? ☐ Yes ☑ No

12. Have you ever:
    a. been a habitual drunkard? ☐ Yes ☑ No
    b. advocated or practiced polygamy? ☐ Yes ☑ No
    c. been a prostitute or procured anyone for prostitution? ☐ Yes ☑ No
    d. knowingly and for gain helped any alien to enter the U.S. illegally? ☐ Yes ☑ No
    e. been an illicit trafficker in narcotic drugs or marijuana? ☐ Yes ☑ No
    f. received income from illegal gambling? ☐ Yes ☑ No
    g. given false testimony for the purpose of obtaining any immigration benefit? ☐ Yes ☑ No

13. Have you ever been declared legally incompetent or have you ever been confined as a patient in a mental institution? ☐ Yes ☑ No

14. Were you born with, or have you acquired in same way, any title or order of nobility in any foreign State? ☐ Yes ☑ No

15. Have you ever:
    a. knowingly committed any crime for which you have not been arrested? ☐ Yes ☑ No
    b. been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance, excluding traffic regulations? ☑ Yes ☐ No

( If you answer yes to 15, in your explanation give the following information for each incident or occurrence the **city, state,** and **country,** where the offense took place, the **date** and **nature** of the offense, and the **outcome** or **disposition** of the case.)

## Part 8. Allegiance to the U.S.

If your answer to any of the following questions is **"NO"**, attach a full explanation.
1. Do you believe in the Constitution and form of government of the U.S.? ☑ Yes ☐ No
2. Are you willing to take the full Oath of Allegiance to the U.S.? (see instructions) ☑ Yes ☐ No
3. If the law requires it, are you willing to bear arms on behalf of the U.S.? ☑ Yes ☐ No
4. If the law requires it, are you willing to perform noncombatant services in the Armed Forces of the U.S.? ☑ Yes ☐ No
5. If the law requires it, are you willing to perform work of national importance under civilian direction? ☑ Yes ☐ No

Form N-400 (Rev. 07-17-91)N

*Continued on back*

10

## Part 9. Memberships and organizations.

A. List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place. Include any military service in this part. If none, write "none". Include the name of organization, location, dates of membership and the nature of the organization. If additional space is needed, use separate paper.

## Part 10. Complete only if you checked block " C " in Part 2.

How many of your parents are U.S. citizens?   ☐ One   ☐ Both   (Give the following about one U.S. citizen parent:)

| Family Name | Given Name | Middle Name |
|---|---|---|
| Address | | |

Basis for citizenship:
☐ Birth
☐ Naturalization Cert. No.

Relationship to you (check one):   ☐ natural parent   ☐ adoptive parent
☐ parent of child legitimated after birth

If adopted or legitimated after birth, give date of adoption or, legitimation:  (month,day,year)

Does this parent have legal custody of you?   ☐ Yes   ☐ No

(Attach a copy of relating evidence to establish that you are the child of this U.S. citizen and evidence of  this parent's citizenship.)

## Part 11. Signature.  (Read the information on penalties in the instructions before completing this section).

I certify or, if outside the United States, I swear or affirm, under penalty of perjury under the laws of the United States of America that this application, and the evidence submitted with it, is all true and correct.  I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

Signature

Date
07/02/01.

**Please Note:** If you do not completely fill out this form, or fail to submit required documents listed in the instructions, you may not be found eligible for naturalization  and this application may be denied.

## Part 12. Signature of person preparing form if other than above. (Sign below)

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

Signature                    Print Your Name                    Date

Firm Name
and Address

### DO NOT COMPLETE THE FOLLOWING UNTIL INSTRUCTED TO DO SO AT THE INTERVIEW

I swear that I know the contents of this application, and supplemental pages  1  through ____, that the corrections , numbered 1 through ____, were made at my request, and that this amended application, is true to the best of my knowledge and belief.

_(Complete and true signature of applicant)_

Subscribed and sworn to before me by the applicant.

5-22-02

(Examiner's Signature )          Date

Form N-400 (Rev. 07/17/91)N

U.S. GOVERNMENT PRINTING OFFICE : 1997 Q - 176-348

11

# EXHIBIT F

 

U.S. Department of Homeland Security | **Immigration Detainer – Notice of Action**

Subject ID : 271221408
Event No: (k)(2),(b)(7)(e)
File No. A046 633 823
Date: April 7, 2008

TO: (Name and title of institution)
LAKEVIEW CORRECTIONAL
P.O. BOX T
BROCKTON, NY   14716

From: (Office address)
NEW YORK, NY, DOCKET CONTROL OFFICE
DOCKET CONTROL OFFICE NEW YORK
26 FEDERAL PLAZA
NEW YORK, NY

Name of alien: WATSON, Davino Hopeton

Date of birth: 11/17/1984          Nationality: JAMAICA          Sex: M

**You are advised that the action noted below has been taken by the U.S. Department of Homeland Security concerning the above-named inmate of your institution:**

[X] Investigation has been initiated to determine whether this person is subject to removal from the United States.

[ ] A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
(Date)

[ ] A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
(Date)

[ ] Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive.

[X] Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sunday's and Federal holidays) to provide adequate time for DHS to assume custody of the alien. You may notify DHS by calling 845-03(2),(b)(6),(b)(during business hours or 212-86(2),(b)(6),(b)(after hours in an emergency.

[X] Please complete and sign the bottom block of the duplicate of this form and return it to this office. [ ] A self-addressed stamped envelope is enclosed for your convenience. [ ] Please return a signed copy via facsimile to_____
(Area code and facsimile number)

Return fax to the attention of _____ , at _____
(Name of officer handling case)          (Area code and phone number)

(k)(2),(b)(6),(b)(7)c ... e at least 30 days prior to release or as far in advance as possible.
...nmate's death or transfer to another institution.
...placed by this Office on _____

_____   DEPORTATION OFFICER
(Title of Immigration Officer)

**Receipt acknowledged:**

Date of last conviction: _____   Latest conviction charge: _____
Estimated release date: _____
Signature and title of official: _____

Form I-247 (Rev. 08/01/07)

ICE.2014FOIA901.000120

# EXHIBIT G

U.S. Department of Homeland Security

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID : 271221408

File No: A046 633 823

Event No : NYC0804000899

In the Matter of:

Davino Hopeton WATSON

Respondent: _____ currently residing at:

LAKEVIEW CF PO BOX T 07A5371 KPR: 5/8/2008 NYSID: 3198881N , BROCTON NEW YORK 14716

(Number, street, city and ZIP code)          (Area code and phone number)

- [ ] 1. You are an arriving alien.
- [ ] 2. You are an alien present in the United States who has not been admitted or paroled.
- [x] 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of Jamaica and a citizen of Jamaica;
3. You were admitted to the United States at New York, NY on or about August 4, 1998 as a Lawful Permanent Resident;
4. You were convicted of the crime of Attempted Criminal Sale of a Controlled Substance in the Third degree, to wit; Cocaine, in violation of Section 110/220.39(1) of the New York State Penal Law, pursuant to a judgment entered on or about September 18, 2007 by the Supreme Court of the State of New York, County of New York under indictment number 167-07.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

EXHIBIT NO. ____

6/25/8

(Date)          (Initials)

- [ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.
- [ ] Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30(f)(2) ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
Ulster Correctional Facility Berme Road Napanoch NEW YORK 12458

*(Complete Address of Immigration Court, including Room Number, if any)*

on  a date to be set  at  a time to be set  to show why you should not be removed from the United States based on the

(Date)          (Time)          Michael A. Ortiz

MICHAEL ORTIZ          Supervisor Deportation Officer

charge(s) set forth above.

*(Signature and Title of Issuing Officer)*

Date:  4/10/08          Castle Point, NY

*(City and State)*

See reverse for important information

Form I-862 (Rev. 08/01/07)

000269

Case 1:14-cv-06459-JBW-PK   Document 1-1   Filed 10/31/14   Page 24 of 74 PageID #: 51

**Notice to Respondent**

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____

_____  34/9  EBIA
(Signature and Title of Immigration Officer)

(Signature of Respondent) _____

Date: _____

**Certificate of Service**

This Notice To Appear was served on the respondent by me on ___5/9/03___, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person   [ ] by certified mail, returned receipt requested   [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[ ] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ___English___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____            _____ 34/9
(Signature of Respondent if Personally Served)        (Signature and Title of officer)

Form I-862 Page 2 (Rev. 08/01/07)

000271

U.S. Department of Homeland Security                  Continuation Page for Form   I862

| Alien's Name | File Number | Date |
|---|---|---|
| Davino Hopeton WATSON | A046 633 823 | |
| | Event No: NYC0804000899 | |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
===========================================================================================

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act.

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

| Signature | Title |
|---|---|
| MICHAEL ORTIZ | Supervisor Deportation Officer |

Form I-831 Continuation Page (Rev. 08/01/07)

000270

U.S. Department of Homeland Security
Immigration and Customs Enforcement



**Warrant for Arrest of Alien**

File No.    A46 633 823

Date:      4/10/08

**To any officer of the Immigration and Customs Enforcement delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:
  **Davino Hopeton WATSON**
  _____
  (Full name of alien)

an alien who entered the United States at or near   New York, NY              On
                                                          (Port)

August 4, 1998                    is within the country in violation of the immigration laws and is
        (Date)

therefore liable to taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

(k)(2),(b)(6),(b)(7)c          ized ICE official)
_____
(Print name of official)
Supervisory Deportation Officer
        (Title)

**Certificate of Service**

Served by me at  Allegany County Jail       on   05/08/2008      at  1600         .
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

(k)(2),(b)(6),(b)(7)c          er serving warrant)
_____
IEA
(Title officer serving warrant)

Form I-200 (Rev. 4-1-97)N

# EXHIBIT H



THE UNITED STATES OF AMERICA

CERTIFICATE OF NATURALIZATION

No. 27165011

*Personal description of holder as of date of naturalization:*
*Date of birth:* MAY 19, 1954
*Sex:* MALE
*Height:* 5 feet 6 inches
*Marital status:* MARRIED
*Country of former nationality:*
JAMAICA

INS Registration No. A041458063

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

(Complete and true signature of holder)

*Be it known that, pursuant to an application filed with the Attorney General*

*at:* NEW YORK, NEW YORK

*The Attorney General having found that:*

HOPETON ULANDO WATSON

*then residing in the United States, intended to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

US DISTRICT COURT EASTERN DISTRICT

*at:* BROOKLYN, NEW YORK

*on:* SEP 17 2001

*that such person is admitted as a citizen of the United States of America.*

Commissioner of Immigration and Naturalization

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

FORM N-550 REV. 6-91

# EXHIBIT I

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BATAVIA, NY

WATSON, DAVINO HOPETON
C/O OIC - ALLEGANY CO. JAIL
7 COURT ST.
BELMONT, NY  14813

RE: WATSON, DAVINO HOPETON
INMATE NO:

NOTICE OF HEARING IN REMOVAL PROCEEDINGS

DATE OF NOTICE:  May 29, 2008
FILE: A46-633-823

You are hereby notified that a hearing in this case is scheduled/rescheduled
before an Immigration Court on **Jun 25, 2008 at 09:00 A.M.** at

        4250 FEDERAL DRIVE, ROOM F108
        BATAVIA, NY  14020.

You may be represented in this proceeding at no expense to the Government by an
attorney or other individual who is authorized and qualified to represent
persons before an Immigration Court.  If you wish to be represented, your
attorney or representative should appear with you at the scheduled hearing.  .

Except as otherwise ordered by an Immigration Judge, any motions (including
motions for continuances and motions to withdraw as counsel), applications, or
other correspondence concerning this case should be filed with the Immigration
Court at:    4250 FEDERAL DRIVE, ROOM F108
             BATAVIA, NY  14020

at least 10 days prior to the scheduled hearing.  Evidence of payment of
appropriate filing fees must be included.

ANYONE EXPECTING TO ENTER THE FACILITY IN ORDER TO APPEAR AT THE IMMIGRATION
HEARING IS SUBJECT TO CORRECTIONS DEPARTMENT POLICIES AND PROCEDURES REGARDING
ENTRY.  CONTACT THE SECURITY OFFICE AT THIS PRISON IN ADVANCE OF THE DAY OF THE
HEARING FOR FURTHER SPECIFIC INFORMATION ABOUT ENTRY GUIDLINES.

For information regarding the status of your case, call toll free
1-800-898-7180 OR 703-305-1662.

---

                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO: [ ] ALIEN  /[M] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [M] DHS
DATE: 5/29/08          BY: COURT STAFF  A. Dillon
    Attachments:  [ ] EOIR-33  [ ] EOIR- 28  [ ] Legal Services List   [ ] Other
                                                                          3Y

000266

# EXHIBIT J

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

May 23, 2008

MEMORANDUM FOR:     All Field Office Directors
                    Detention and Removal Operations

FROM:               Gary E. Mead
                    Acting Director
                    Detention and Removal Operations

SUBJECT:     Reporting and Investigation of Claims to United States Citizenship

Detention and Removal Operations (DRO) is responsible for the enforcement of United States immigration laws. In the course of performing these duties, our officers are likely of contact individuals who either assert United States citizenship or are unsure of their citizenship. It is imperative that DRO fully investigates all affirmative claims to United States citizenship before an individual is taken into custody or, if already in ICE custody, before final disposition of such individuals' case.

All officers encountering a detainee claiming US citizenship shall immediately notify the Field Office Director (FOD) through their chain of command. The FOD shall make appropriate notification to HQDRO. Each FOD shall ensure that all claims to United States citizenship made by any detainees within their area of responsibility, including ICE detention facilities, during interviews conducted by ICE staff or by 287(g) cross-trained staff, are appropriately reported and investigated.

Interviews with detainees making such claims shall be conducted by at least a senior Immigration Enforcement Agent (IEA) with 6 months Criminal Alien Program (CAP) experience. Interviews will be recorded as a sworn statement and include all questions on the Form I-213, as well as probative questions that will elicit sufficient information to allow ICE to conduct a thorough investigation. This investigation may include vital records searches, family interviews, and other appropriate investigative measures.

If an affirmative claim to United States citizenship is made by a detainee prior to the commencement of removal proceedings, the FOD will, in consultation with HQDRO and the Office of the Principal Legal Advisor (OPLA), determine whether sufficient evidence exists to place that individual into removal proceedings. If an affirmative claim to United States citizenship is made by a detainee already in removal proceedings, each FOD, in consultation with HQDRO and OPLA, will determine the most appropriate course of action.

Subject: Reporting and Investigation of Claims to United states Citizenship
Page 2

If a detainee claim to United States citizenship appears to have merit, the FOD, in consultation with HQDRO and OPLA, may consider alternatives to detention (ATD), including the use of the intensive supervision and appearance program (ISAP).

All Field Office Directors shall ensure that all employees, including cross-trained 287(g) staff, in their area of responsibility understand and adhere to this policy. Questions regarding this policy should be directed to James T. Hayes, Jr., Acting Assistant Director, Enforcement.

# EXHIBIT K

*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
425 I Street, NW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

July 18, 2008

MEMORANDUM FOR:     Field Office Directors

FROM:               James T. Hayes, Jr.
                    Acting Director

SUBJECT:            Superseding Guidance on Reporting and Investigation of Claims to
                    United States Citizenship

This Memorandum supersedes the guidance issued on May 23, 2008, titled "Reporting and
Investigation of Claims to United States Citizenship."

The office of Detention and Removal Operations (DRO) is responsible for the enforcement of U.S.
immigration laws. In the course of exercising their authority under Section 287 of the
Immigration and Nationality Act, Title 8 United States Code, Section 1101, DRO officers are
likely to encounter individuals who either assert claims to U.S. citizenship or are unsure of their
citizenship. It is imperative that DRO officers establish probable cause to believe that an
individual is an alien before making an arrest for a charge of removability.[1] Further, DRO
officers must fully investigate all claims to U.S. citizenship before an individual is taken into
custody or, if already in ICE custody, immediately upon learning of the assertion of citizenship.

All officers who encounter an individual who claims U.S. citizenship shall immediately notify
the Field Office Director (FOD) through their chain of command. The FOD shall make the
appropriate notification to DRO headquarters. Each FOD shall ensure that all claims to U.S.
citizenship made by any individual encountered within their area of responsibility either by ICE
DRO staff or 287(g) cross-trained staff are appropriately reported and investigated.

---

[1] Although 8 U.S.C. § 1357 allows an immigration officer to arrest an alien when the officer has "reason to believe"
the alien is illegally present in the U.S., courts have consistently held that in this circumstance this phrase is
equivalent to probable cause. See U. S. v. Cantu, 1975, 519 F.2d 494 (7th Cir. 1975), cert. denied, 423 U.S. 1035
(1975); see also Babula v. INS, 665 F.3d 293 (3d Cir. 1981); Au Yi Lau v. INS, 445 F.2d 217 (D.C. Cir. 1971), cert.
denied 404 U.S. 864 (1971).

LAW ENFORCEMENT SENSITIVE – FOR OFFICIAL USE ONLY
DHS002102

Subject: Superseding Guidance on Reporting and Investigation of Claims to United States
Citizenship

Interviews with detainees making claims to U.S. citizenship shall be conducted by a senior
Immigration Enforcement Agent (IEA) at a minimum.  Interviews will be recorded as
sworn statements and include all questions on the Form I-213.  The statement must also include
probative questions that will elicit as much information as possible to assist ICE in conducting a
thorough investigation of the individual's claim.  This investigation may include vital records
searches, family interviews, and other appropriate investigative measures.

If an affirmative claim to U.S. citizenship is made by an individual prior to the
commencement of removal proceedings, the FOD, after notification to DRO headquarters and
in consultation with the Office of the Principal Legal Advisor (OPLA), will determine whether
sufficient evidence exists to place that individual into removal proceedings.  If an affirmative
claim to U.S. citizenship is made by an individual already in removal proceedings and in
custody, each FOD, after notification to DRO headquarters and in consultation with OPLA, will
immediately review and make a decision as to whether custody should continue pending
completion of the investigation of the citizenship claim.

All FODs shall ensure that all DRO employees, including cross-trained 287(g) staff, in their area
of responsibility, understand and adhere to this policy.  Questions regarding this policy should be
directed to Christopher Shanahan, Acting Assistant Director, Enforcement.

# EXHIBIT L

Referred to another gov't agency



*Office of Detention and Removal Operations*

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

**U.S. Immigration
and Customs
Enforcement**

NOV 0 6 2008

MEMORANDUM FOR:          Field Office Directors

FROM:                    James T. Hayes, Jr.
                         Director

SUBJECT:                 Superseding Guidance on Reporting and Investigating Claims
                         to United States Citizenship

This Memorandum supersedes the guidance issued on July 18, 2008, entitled "Superseding
Guidance on Reporting and Investigation of Claims to United States Citizenship."

The Office of Detention and Removal Operations (DRO) is responsible for the enforcement of U.S.
immigration laws. In the course of exercising authority under section 287 of the
Immigration and Nationality Act, 8 U.S.C. § 1357, DRO officers may encounter individuals
who either assert claims to U.S. citizenship or are unsure of their citizenship. Prior to making a
warrantless arrest of such an individual, DRO officers must ensure that s/he has reason to
believe that the individual to be arrested is in the United States in violation of a law or
regulation governing the admission, exclusion, expulsion or removal of aliens.[1] Moreover,
DRO officers must fully investigate all claims to U.S. citizenship immediately upon learning of
the assertion of citizenship.

All officers who encounter an individual who they have reason to believe is in the United
States in violation of law, as set forth in the preceding paragraph, but who claims U.S.
citizenship, shall immediately notify the Field Office Director (FOD) through their chain of
command. The FOD shall make the appropriate notification to DRO headquarters. Each
FOD shall ensure that all affirmative claims to U.S. citizenship made by any individual

---

[1] Some U.S. courts have equated the "reason to believe" standard found in 8 U.S.C. § 1357(a)(2) with a "probable
cause" standard. See U. S. v. Cantu, 1975, 519 F.2d 494 (7th Cir. 1975), cert. denied, 423 U.S. 1035 (1975); see
also Babula v. INS, 665 F.3d 293 (3d Cir. 1981); Au Yi Lau v. INS, 445 F.2d 217 (D.C. Cir. 1971), cert. denied
404 U.S. 864 (1971).



FOR OFFICIAL USE ONLY
LAW ENFORCEMENT SENSITIVE          www.ice.gov

Referred to another gov't agency

Subject: Superseding Guidance on Reporting and Investigating Claims to United States Citizenship

encountered within their area of responsibility are appropriately reported and investigated.

Interviews with detainees making claims to U.S. citizenship shall be conducted by either a Supervisory Immigration Enforcement Agent (SIEA) or Deportation Officer. Interviews will be recorded as sworn statements and include all questions needed to complete all fields on a Form I-213. In addition, the sworn statement must include probative questions designed to elicit information sufficient to allow an investigation of the person's claim of citizenship. This investigation may include vital records searches, family interviews, and other appropriate investigative measures.

If an affirmative claim to U.S. citizenship is made by an individual prior to the commencement of removal proceedings, the FOD will, in consultation with DRO headquarters and local Office of Chief Counsel (OCC), determine whether sufficient evidence exists to place that individual into removal proceedings. If an affirmative claim to U.S. citizenship is made by an individual following the issuance of the Notice of Appear (NTA), each OCC, in consultation with the FOD, who where necessary, should consult with HQ DRO, will determine the most appropriate course of action with respect to the disposition of the NTA and termination of the case, while providing any necessary advice to the FOD as to changes to the individual's custody conditions.

FODs shall ensure that all DRO employees in their area of responsibility (inclusive of those state, local or tribal cross-trained 287(g) officers) who are under their control, understand and adhere to this policy. Questions regarding this policy should be directed to Christopher Shanahan, Acting Assistant Director, Enforcement.

FOR OFFICIAL USE ONLY
LAW ENFORCEMENT SENSITIVE

# EXHIBIT M

Policy Number: 16001.1
FEA Number: 045-01

*Office of the Assistant Secretary*

U.S. Department of Homeland Security
500 12th Street, SW
Washington, D.C. 20536



**NOV 1 9 2009**

U.S. Immigration
and Customs
Enforcement

MEMORANDUM FOR:            Field Office Directors
                           Special Agents in Charge
                           Chief Counsels

FROM:                      John Morton
                           Assistant Secretary

SUBJECT:                   Superseding Guidance on Reporting and Investigating Claims
                           to United States Citizenship

This memorandum supersedes the guidance issued on November 6, 2008, entitled "Superseding
Guidance on Reporting and Investigating Claims to United States Citizenship." This guidance is
intended to ensure claims to U.S. citizenship receive immediate and careful investigation and
analysis.

While performing their duties, U.S. Immigration and Customs Enforcement (ICE) officers, agents,
and attorneys, may encounter aliens who are not certain of their status or claim to be United States
citizens (USC). As the Immigration and Nationality Act (INA) provides numerous avenues for a
person to derive or acquire U.S. citizenship, ICE officers, agents, and attorneys, should handle
these matters with the utmost care and highest priority. While some cases may be easily resolved,
because of the complexity of citizenship and nationality law, many may require additional
investigation and substantial legal analysis. As a matter of law, ICE cannot assert its civil
immigration enforcement authority to arrest and/or detain a USC. Consequently, investigations
into an individual's claim to U.S. citizenship should be prioritized and Office of Investigations (OI)
and Detention and Removal Operations (DRO) personnel must consult with the Office of the
Principal Legal Advisor's (OPLA) local Office of the Chief Counsel (OCC) as discussed below.

### Claims at the Time of Encounter

When officers and agents encounter an individual who they suspect is without lawful status but
claims to be a USC, the situation will fall into one of three categories: 1) evidence indicates the
person is a USC; 2) some evidence indicates that the individual may be a USC but is inconclusive;
and 3) no probative evidence indicates the individual is a USC. If evidence indicates the individual
is a USC, ICE should neither arrest nor place the individual in removal proceedings. Where there
is *some* probative evidence that the individual is a USC, officers and agents should consult with
their local OCC as soon as practicable. After evaluating the claim, if the evidence of U.S.
citizenship outweighs evidence to the contrary, the individual should not be taken into custody.
The person may, however, still be placed in removal proceedings if there is reason to believe the

Subject:   Superseding Guidance on Reporting and Investigating Claims to United States Citizenship

individual is in the United States in violation of law.  Finally, where no probative evidence of U.S. citizenship exists and there is reason to believe the individual is in the United States in violation of law, the individual may be arrested and processed for removal.  In all cases, any uncertainty about whether the evidence is probative of U.S. citizenship should weigh against detention.

### Claims by Individuals Subject to an NTA

Agents and officers must fully investigate the merits of any claim to citizenship made by an individual who is subject to a Notice to Appear (NTA), whether the claim was made before or after the NTA was served on the individual.  Such investigations should be prioritized and OI and DRO personnel should consult with their local OCC as soon as practicable when investigating such claims.  In addition, OI and DRO, along with their local OCC, must jointly prepare a memorandum examining the claim using the attached template.  A notation should be made in the Enforce Alien Removal Module (EARM) and a copy of the memorandum should be placed in the alien's A-file.  The memorandum should also be saved in the General Counsel Electronic Management System (GEMS) and notated using the designated GEMS barcode.

### Claims by Detained Individuals

If an individual already in custody claims to be a USC, an officer must immediately examine the merits of the claim and notify and consult with his or her local OCC.  If the individual is unrepresented, an officer must immediately provide the individual with the local Executive Office for Immigration Review (EOIR) list of pro bono legal service providers, even if one was previously provided.

DRO and OPLA must also jointly prepare and submit a memorandum examining the claim and recommending a course of action to the HQDRO Assistant Director for Operations at the "USC Claims DRO" e-mailbox and to the HQOPLA Director of Field Operations at the "OPLA Field Legal OPS" e-mailbox.  Absent extraordinary circumstances, this memorandum should be submitted no more than 24 hours from the time the individual made the claim.  HQDRO and HQOPLA will respond to the field with a decision on the recommendation within 24 hours.  A notation should be made in EARM and a copy of the memorandum and resulting decision should be placed in the alien's A-file.  The memorandum and resulting decision should also be saved in GEMS and notated using the designated GEMS barcode.

If the individual's claim is credible on its face, or if the investigation results in probative evidence that the detained individual is a USC, the individual should be released from detention.  Any significant change in circumstances should be reported to the "USC Claims DRO" e-mailbox and the "OPLA Field Legal Ops" e-mailbox.

### Examination of the Merits

Interviews with detainees making such claims must be conducted by an officer or agent in the presence of and/or in conjunction with a supervisor.  Interviews will be recorded as sworn statements and must include all questions needed to complete all fields on a Record of Deportable

Subject:  Superseding Guidance on Reporting and Investigating Claims to United States Citizenship

Alien, Form I-213.  In addition, the sworn statement must include additional probative questions designed to elicit information sufficient to allow a thorough investigation of the person's claim of citizenship.  Additional steps to be taken may include vital records searches, family interviews, and other appropriate investigative measures.  Officers and agents should also work with their local United States Attorney's Office to ensure that any statement includes information sufficient to use in prosecuting appropriate cases under 18 U.S.C. § 911, should it ultimately come to light that the individual intentionally made a false claim to U.S. citizenship.

### State and Local Officers with Authority under INA § 287(g)

Field Office Directors (FODs) and Special Agents in Charge (SACs) shall ensure that all state and local officers with delegated immigration authority pursuant to INA § 287(g) within their area of responsibility understand and adhere to this policy.  FODs and SACs are expected to thoroughly investigate all USC claims made by individuals encountered by 287(g) designated officers.

# EXHIBIT N




Person (k)(2),(b)(7)(e) M  DOB: 11/17/1984  Current Age: 27  COB: JAMAI  COC: JAMAI

Subject ID : 271221408  Processing Disposition: Warrant of Arrest/Notice to Appear

Case (k)(2),(b)(7)(e) e Case (k)(2),(b)(7)(e) e : BUF - EARM ERRORS

| | | |
|---|---|---|
| Final Order or Removal: No | Time in Custody: N/A | Special Class: |
| Final Order Date: N/A | Depart / Cleared Status: ACTIVE | |
| Proceed With Removal: N/A | | |
| Days Final Order in Effect: N/A | | |

Aggravated Felon

Detention History

Criminal

## Watson, Davino Hopeton Hopeton 046 633 823

## Comments

FILTER BY COMMENT TYPE

SHOW / HIDE DELETED COMMENTS

☑ EARM

☑ Show Deleted Comments

☑ EADM

☐ ATD

FILTER BY ENTERED DATE

-- All Dates --

All of the following comments are related to Case (k)(2),(b)(7)(e)
Results: 75 total

| Date Entered | Entered By | Type | Comments |
|---|---|---|---|
| 11/02/2011 03:54 PM | | ADM | Per OPLA on 11/2/2011 Subject was determined to Derive USC Citizenship. Subject was released. |
| 10/25/2011 01:52 PM | | ADM | trsf from Batavia |
| 10/25/2011 01:26 PM | | ADM | |
| 10/24/2011 12:32 PM | | ADM | |
| 10/24/2011 09:00 AM | | ADM | |
| 10/24/2011 07:15 AM | | EARM | Case transferred to ETW ? ERO Etowah, AL sub office. Subject has a case appeal pending with the BIA. |
| 10/17/2011 08:38 AM | (k)(2),(b)(6),(b)(7) | ARM | 10/17/11: BIA Pending / case remanded to BIA from Second Circuit Court on 05/31/11. |
| 10/06/2011 09:05 AM | | ARM | 10/06/11: BIA Pending / case remanded to BIA from Second Circuit Court on 05/31/11. |
| 10/04/2011 12:29 PM | | ARM | 10/04/11: BIA Pending / case remanded to BIA from Second Circuit Court on 05/31/11. |
| 09/30/2011 04:08 PM | | ARM | 09/30/11: BIA Pending / case remanded to BIA from Second Circuit Court on 05/31/11. |
| 09/20/2011 04:38 PM | | ARM | 09/20/11: BIA Pending / case remanded to BIA from Second Circuit Court on 05/31/11. |
| 09/08/2011 09:17 AM | | ARM | 09/08/11: BIA Pending / case remanded to BIA from Second Circuit Court on 05/31/11. |
| 08/30/2011 06:49 AM | | ARM | 08/30/11: BIA Pending / case remanded to BIA from Second Circuit Court on 05/31/11. |
| 08/24/2011 09:30 AM | | ARM | 06/30/11: Consulting with OIL Attorney regarding case status. Did not do yearly POCR due to case being a 236 case, will revisit due to changes in Western District Courts. Attached is a copy of the Second Circuit decision in Wang v. Ashcroft, 320 F.3d 130 (2d Cir. 2003), which holds that the INA 241 removal period does not start when a circuit court issues a stay of removal order while judicial review of the removal order is pending before the circuit court. When a judicial stay of removal order is issued by the circuit court during judicial review of a removal order, the 90 day removal period under INA 241 does not start until the circuit court issues a final order granting or denying/dismissing the petition for review (PFR). Wang was a habeas case under review at the circuit on an appeal from the district court denial of a habeas petition seeking judicial review of a removal order. Judicial review of removal orders by district courts, in habeas proceedings, was abolished by legislation two years later. Notwithstanding, the Wang holding applies to a circuit court PFR authorized under the current INA 242 judicial review provisions. When a circuit court stay of removal order is issued in PFR proceedings, the alien petitioner continues to be detained under INA 236 (rather than INA 241) until the circuit court issues a final order in the PFR proceedings. At that point, the removal period and custody under INA 241 commences. Jim James W Grable Buffalo Chief Counsel DHS/ICE/OPLA (7)(k)(2),(b)(6),(b)(7)(k)(2),(b)(6),(b)(7)c (BB) - View Revision History |
| 08/23/2011 07:16 PM | | EARM | Case remanded to the BIA by the U.S. Court of Appeals for the 2nd Circuit on 05/31/11. Case is currently pending with the BIA. New I-286 served on subject, subject is not a Final Order at this point in time. |
| 05/30/2011 05:21 AM | (k)(2),(b)(6),(b)(7) | EARM | 05/30/11: Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 05/02/2011 01:34 PM | | EARM | 04/29/11: Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |

| Date Entered | Entered By | Type | Comments |
|---|---|---|---|
| 04/13/2011 07:39 AM | | EARM | 04/13/11: Subject issued POCR Notice and worksheet. |
| 03/24/2011 02:29 PM | | EARM | 03/24/11: Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 02/25/2011 10:11 AM | | EARM | 02/25/11: Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 01/27/2011 03:00 PM | | EARM | 01/27/11: Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 12/27/2010 01:07 PM | | EARM | 12/27/10 Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 11/17/2010 08:47 AM | | EARM | 11/17/10 Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 10/13/2010 08:17 PM | | EARM | 10/13/10 Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 09/07/2010 05:38 PM | | EARM | 09/07/10 Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 07/28/2010 07:25 AM | | EARM | 07/28/10 Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 06/28/2010 02:20 PM | | EARM | Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect |
| 06/02/2010 01:53 PM | | EARM | Served Continue Detention Letter from year review. Next POCR due 05/11/11. Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect - View Revision History |
| 05/26/2010 11:09 AM | | EARM | Joint Memo completed per HQ request regarding subjects claim to USC in court in 2008. Subject was issued an N-600 application in court by DHS that was denied by CIS. Subject's appeal to AAO was also dismissed. CIS Officer (b)(2),(b)(6),(b)(7)c contacted, Officer (b)(6),(b)(7)c advised that nothing further has to be completed on their end, subject's N-600 was and has nothing in it that would change. - View Revision History |
| 05/25/2010 12:12 PM | | EARM | 05/25/10 Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. Subject's yearly POCR routed to SDDO for review and routing for signatures. |
| 04/23/2010 09:42 AM | | EARM | Per PACER: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 04/14/2010 09:22 AM | | EARM | Issued 30 day POCR Notice and Worksheet |
| 03/26/2010 07:53 AM | (k)(2),(b)(6),(b)(7) | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 02/11/2010 08:35 AM | | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 01/28/2010 01:06 PM | | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 01/14/2010 12:12 PM | | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 01/06/2010 09:26 AM | | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 12/24/2009 06:36 AM | | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 12/15/2009 08:18 AM | | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 12/04/2009 09:52 AM | | EARM | Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 11/20/2009 09:42 AM | | EARM | 11/20/2009: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 11/09/2009 01:00 PM | | EARM | 11/9/2009: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 11/02/2009 04:05 AM | | EARM | 11/2/2009: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 10/26/2009 12:20 PM | | EARM | 10/13/2009: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. - View Revision History |
| 10/26/2009 12:19 PM | | EARM | 10/26/2009: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 10/19/2009 09:38 AM | | EARM | 10/19/2009: Petition for Review with 2nd Circuit Court of Appeals # 09-0657 is pending. Stay of removal in effect. |
| 10/12/2009 08:13 AM | | EARM | 2nd Circuit case 09-0657 was dismissed on 08/31/09-mandate issued. However, the mandate was recalled on 10/08/09, the petition for review was reinstated and the alien has a stay of removal pending the outcome of the petition for review. |
| 10/05/2009 12:25 PM | | EARM | Subject interviewed by Consulate; subject has sent paperwork to Consulate indicating that |

| Date Entered | Entered By | Type | Comments |
|---|---|---|---|
| | | | he is filing additional litigation with the 2nd Circuit. Consulate wants to hold off on issuing the TD until his fate is determined by the 2nd Circuit. |
| 10/01/2009 02:59 PM | | EARM | Per Mr. Blythe, Consulate will issue a TD upon the receipt of an itinerary. Subject will be removed via October's JPATS Flight. |
| 10/01/2009 08:41 AM | | EARM | Email'd copy of Pacer print out to Consulate, showing that 2nd Circuit Litigation has been dismissed. |
| 09/25/2009 11:36 AM | | EARM | 9-25-2009; Case given to JPATS team for removal. |
| 09/24/2009 01:34 PM | | EADM | |
| 09/24/2009 12:34 PM | | EADM | |
| 09/22/2009 03:44 PM | | EARM | 8/31/09 Notice to all parties of Mandate dated 8/31/09. [Entry date Aug 31 2009.](b)(6),(b)(7)c |
| 08/26/2009 12:54 PM | | EARM | 8-26-2009; Received message from (k)(2),(b)(6),(b)(7) he said that the Mandate is expected to be issued on / about 8/31 check on PACER for it. |
| 08/26/2009 10:43 AM | | EARM | 8-26-2009; Left message with (k)(2),(b)(6),(b)(7)c nd Circuit @ (k)(2),(b)(6),(b)(7)c requesting information on when the Mandate will be issued in the case. |
| 08/26/2009 10:40 AM | | EARM | 8-26-2009; Mandate not issued yet. |
| 07/27/2009 12:27 PM | | EARM | 7-27-2009; Subject's 2nd Circuit appeal W/Stay (#09-0657) was denied on 7-9-2009. Mandate has not been issued (yet). |
| 06/10/2009 06:05 PM | (k)(2),(b)(6),(b)(7) | EARM | 6-10-2009; Subject's 2nd Circuit appeal W/Stay still pending (#09-0657). |
| 05/11/2009 08:55 AM | | EARM | 5-11-2009; Recived A-File back from Buffalo Field Office 5-11-2009. Subject served with 90 day POCR decision to continue custody. |
| 05/04/2009 06:01 PM | | EARM | 5-4-2009; Subject's PFR is still pending. |
| 04/30/2009 06:41 PM | | EARM | 4-30-2009; Subject's 2nd Circuit PFR is still pending. |
| 04/20/2009 05:29 PM | | EARM | 04/16/09 informed by Consulate (k)(2),(b)(6),(b)(7)c TD Is ready for issuance upon the receipt of an itinerary. Info'd (k)(2),(b)(6),(b)(7) subject has litigation pending and we cannot accept a TD until his litigation is resolved. |
| 03/13/2009 02:45 PM | | EARM | Subject filed an appeal with the Second Circuit Court of appeals, Docket #09-0657ag. File returned to docket for monitoring. |
| 03/10/2009 11:25 AM | | EARM | Subject advised Consultee that he has 2nd Circuit Litigation Filed with a Stay of Removal and did not wish to proceed with the interview. Subject claims to have filed litigation late last week and will provide me with a docket # on rounds this week. |
| 03/06/2009 11:03 AM | | EARM | Interview scheduled with Consulate's (k)(2),(b)(6),(b)(7)c on 03/10/09 at 1000. |
| 02/20/2009 08:17 AM | | EARM | ETD completed on this date. |
| 02/20/2009 08:10 AM | | EARM | BIA APPEAL HAS BEEN DISMISSED- FILE TO DO FOR DEPORTATION |
| 11/14/2008 10:46 AM | | EARM | subj reserved appeal due by 12/15/2008 |
| 08/09/2008 03:43 PM | EARM_MIG | EARM | FILE LOCATION: TRANS/BUF |
| 08/09/2008 02:34 PM | EARM_MIG | EARM | CENF:COURT 7/10/08. N-600 FWD TO BTV LITIGATION ON 7/11/08. |
| 08/09/2008 01:55 PM | EARM_MIG | EARM | RUTH NTA - EPR OF 5/8/08. FILE TO BUF 4/11/08. CENF:5/21/08:FILE NFTS TO BTV/LIT FOR HE (k)(2),(b)(6),(b)(7)c |
| 06/23/2008 08:09 AM | EARMR3_MIG | EADM | |
| 06/23/2008 08:09 AM | EARMR3_MIG | EADM | All property and valuables at Allegany County Jail |
| 05/08/2008 05:42 PM | EARMR3_MIG | EADM | All property and valuables at Allegany County Jail |

Comment Type Legend
EARM: Case comments entered in the EARM system.
EADM: Detention comments entered in the EADM system.
ATD: Alternatives to Detention comments entered in the EARM system.

# EXHIBIT O



Office of Detention and Removal Operations

U.S. Department of Homeland Security
4250 Federal Drive
Batavia, New York 14020

**U.S. Immigration
and Customs
Enforcement**

MEMORANDUM FOR:    DIRECTOR OF FIELD LEGAL OPERATIONS, OPLA
                               ASSISTANT DIRECTOR FOR FIELD OPERATIONS, DRO

FROM:              Chief Counsel, AOR, OPLA
                      Field Office Director, Field Office, DRO

SUBJECT:          Case Analysis - Claim to United States Citizenship
                      A46 633 823

## STATEMENT OF THE CASE:

The subject, Davino WATSON, DOB 11/17/1984, a native and citizen of Jamaica, entered the United States on August 4, 1998 at New York, New York as an immigrant class F2-2. WATSON was encountered and interviewed by a Castle Point, New York Immigration and Customs Enforcement (ICE) Agent on October 9, 2007 at the Downstate Correctional Facility. On April 10, 2008, a Notice to Appear (NTA) was issued for the subject charging him with violating sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA). On June 25, 2008, WATSON claimed to be a United States Citizen (USC) in Immigration Court and was provided with an N-600 application by DHS. On July 11, 2008, WATSON's Alien file and N-600 application were forwarded to CIS for adjudication. On August 4, 2008, WATSON's N-600 application was denied by CIS. WATSON filed an appeal of his N-600 application denial with the Administrative Appeals Office (AAO). His appeal was dismissed on September 17, 2008.

## FACTS:

The subject, Davino WATSON, DOB 11/17/1984, a native and citizen of Jamaica, entered the United States on August 4, 1998 at New York, New York as an immigrant class F2-2. At that time, he was 13 years old.

His mother, [REDACTED] (mother) was born in Jamaica and never became an USC. The subject's father, [REDACTED] was born on [REDACTED] in Jamaica and became a naturalized USC on September 17, 2002, when WATSON was 17 years old. There is no evidence that WATSON's parents were every legally married.

On November 23, 2004, WATSON was convicted of Attempted Robbery 2nd Degree, in Kings County Supreme Court, New York and was sentenced to 30 days incarceration and 5 years probation. On February 22, 2006, WATSON was re-sentenced to 8 months incarceration.   On August 28, 2007, WATSON was convicted of Attempted Criminal Sale of a Controlled Substance in the 3rd Degree, in New York County Supreme Court, New York and was sentenced to 42 months incarceration, 2 years post release supervision, and license suspension for 6 months.

On October 9, 2007, WATSON was encountered and interviewed by a Castle Point, New York Immigration and Customs Enforcement (ICE) Agent at the Downstate Correctional Facility. On April 10, 2008, a Notice to Appear (NTA) was issued for the subject charging him with violating sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA).  On May 08, 2008, WATSON was taken into ICE custody upon completing his sentence with the New York State Department of Correctional Services (NYSDOCS). WATSON was served a NTA in person on May 08, 2008 and placed into removal proceedings.

On June 25, 2008, WATSON claimed to be a United States Citizen (USC) in Immigration Court and was provided with an N-600 application by DHS. On July 11, 2008, WATSON's Alien file and N-600 application were forwarded to CIS for adjudication. On August 4, 2008, WATSON's N-600 application was denied by CIS. WATSON filed an appeal of his N-600 application denial with the Administrative Appeals Office (AAO). His appeal was dismissed on September 17, 2008.

On November 13, 2008, WATSON was ordered removed by an Immigration Judge (IJ). WATSON did not accept the decision of the IJ and reserved his right to appeal. On November 26, 2008, WATSON filed an appeal with the Board of Immigration Appeals (BIA). On February 5, 2009, WATSON's appeal with the BIA was dismissed. WATSON currently has a Second Circuit PFR with a stay of removal pending.

<u>LEGAL ANALYSIS</u>

Section 321 INA, as it existed prior to WATSON's eighteenth birthday, states, in relevant part, the following:

*(a)  a child born outside of the United States of alien parents, becomes a citizen of the United States upon fulfillment of the following conditions:*
   *(1)  The naturalization of <u>both</u> parents; or*
   *(2)  The naturalization of the surviving parent if one of the parents is deceased; or*
   *(3)  The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was*

*born out of wedlock and the paternity of the child has not been established by legitimation; and if*

> *(4) Such naturalization takes place while such child is under the age of eighteen years; and*

> *(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.*

> *(b) Subsection (a) of this section shall apply to an adopted child only if the child is residing in the United States at the time of naturalization of such adoptive parents, in the custody of his adoptive parent or parents, pursuant to a lawful admission for permanent residence.*

Section 320 INA, the law as it existed at the time of WATSON's birth and prior to his eighteenth birthday, states the following:

> *(a)   A child born outside of the United States, automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:*
> *(1)   At least one parent of the child is a citizen of the United States, whether by birth or naturalization*
> *(2)   The child is under eighteen years.*
> *(3)   The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.*
> *(b)   Subsection (a) shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under 101(b)(1).*

Title 8 of the Code of Federal Regulations (CFR) Section 320.1 states that "Child" means a person who meets the requirements of Section 101(c)(1) of the Act.

INA Section 101(c)(1) defines child as follows:

> *(c)   As used in title III-*
> *(1) The term "child" means an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, and, except as otherwise provided in sections 320, and 321 of title III, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of 16 (except to the extent that the child is described in subparagraph (E)(ii) or (F)(ii) of subsection (b)(1)), 18a/ and the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption.*

Pursuant to the definition of "child" as found in INA Section 101(c)(1), INA Sections 320 and 321 provide for derivation of United States citizenship through naturalization of the father of a child born out of wedlock if the child has been legitimated before age sixteen under the law of the child's or father's residence or domicile. Both New York and Jamaican law require marriage of the parents for legitimation (see Matter of Hines 24 I&N Dec. 544 (BIA 2008)). There is no evidence that WATSON's parents were ever married, as such WATSON does not

meet the definition of "child" as described in INA Section 101(c)(1) for purposes of derivative United States citizenship. Although the Department of Homeland Security has held that derivation of United States citizenship under INA Section 320 may apply to children born out of wedlock who have not been legitimated but who have United States citizen mothers, there is no evidence that WATSON's biological mother is or ever was a United States citizen, or that WATSON was ever adopted by a United States citizen mother.  Accordingly, WATSON has failed to establish that he naturalized to United States citizenship pursuant to INA Sections 320 or 321.


## CONCLUSION AND RECOMMENDATION


BUF OCC and USCIS conclude that WATSON is not a citizen of the United States. WATSON is subject to an order of removal entered by the Immigration Court and affirmed by the Board of Immigration Appeals. It is recommended that WATSON be held in immigration custody pending a decision by the Second Circuit in this case.

ICE.2014FOIA901.000034

# EXHIBIT P



**U.S. Immigration and Customs Enforcement**

Office of the Chief Counsel
130 Delaware Avenue Suite 203
Buffalo, NY 14202
Office: (716) (k)(2),(b)(6),(b)(7)c
Fax:   (716) 551-5126

MEMORANDUM FOR:    DIRECTOR OF FIELD LEGAL OPERATIONS, OPLA
ASSISTANT DIRECTOR FOR FIELD OPERATIONS,
DRO

FROM:    Chief Counsel, AOR, OPLA
Field Office Director, Field Office, DRO

SUBJECT:    Case Analysis - Claim to United States Citizenship
A46 633 823

<u>STATEMENT OF THE CASE:</u>

The subject, Davino WATSON, DOB 11/17/1984, a native and citizen of Jamaica,
entered the United States on August 4, 1998 at New York, New York as an immigrant
class F2-2.  WATSON was encountered and interviewed by a Castle Point, New York
Immigration and Customs Enforcement (ICE) Agent on October 9, 2007 at the
Downstate Correctional Facility.  On April 10, 2008, a Notice to Appear (NTA) was
issued for the subject charging him with violating sections 237(a)(2)(A)(iii) and
237(a)(2)(B)(i) of the Immigration and Nationality Act (INA).  On June 25, 2008,
WATSON claimed to be a United States Citizen (USC) in Immigration Court and was
provided with an N-600 application by DHS.  On July 11, 2008, WATSON's Alien file
and N-600 application were forwarded to CIS for adjudication.  On August 4, 2008,
WATSON's N-600 application was denied by CIS.  WATSON filed an appeal of his N-
600 application denial with the Administrative Appeals Office (AAO).  His appeal was
dismissed on September 17, 2008.

<u>FACTS:</u>

The subject, Davino WATSON, DOB 11/17/1984, a native and citizen of Jamaica,
entered the United States on August 4, 1998 at New York, New York as an immigrant
class F2-2.  At that time, he was 13 years old.
His mother, (k)(2),(b)(6),(b)(7)c mother) was born in Jamaica and never became an USC.
The subject's father, (k)(2),(b)(6),(b)(7)c was born on (k)(2),(b)(6),(b)(7)c
(k)(2),(b)(6),(b)(7)c in Jamaica and became a naturalized USC on September 17, 2002, when WATSON
was 17 years old.  There is no evidence that WATSON's parents were every legally
married.

ICE.2014FOIA901.000022

On November 23, 2004, WATSON was convicted of Attempted Robbery 2nd Degree, in Kings County Supreme Court, New York and was sentenced to 30 days incarceration and 5 years probation.  On February 22, 2006, WATSON was re-sentenced to 8 months incarceration.   On August 28, 2007, WATSON was convicted of Attempted Criminal Sale of a Controlled Substance in the 3rd Degree, in New York County Supreme Court, New York and was sentenced to 42 months incarceration, 2 years post release supervision, and license suspension for 6 months.

On October 9, 2007, WATSON was encountered and interviewed by a Castle Point, New York Immigration and Customs Enforcement (ICE) Agent at the Downstate Correctional Facility.  On April 10, 2008, a Notice to Appear (NTA) was issued for the subject charging him with violating sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA).  On May 08, 2008, WATSON was taken into ICE custody upon completing his sentence with the New York State Department of Correctional Services (NYSDOCS).  WATSON was served a NTA in person on May 08, 2008 and placed into removal proceedings.

On June 25, 2008, WATSON claimed to be a United States Citizen (USC) in Immigration Court and was provided with an N-600 application by DHS.  On July 11, 2008, WATSON's Alien file and N-600 application were forwarded to CIS for adjudication.  On August 4, 2008, WATSON's N-600 application was denied by CIS. WATSON filed an appeal of his N-600 application denial with the Administrative Appeals Office (AAO).  His appeal was dismissed on September 17, 2008.

On November 13, 2008, WATSON was ordered removed by an Immigration Judge (IJ). WATSON did not accept the decision of the IJ and reserved his right to appeal.  On November 26, 2008, WATSON filed an appeal with the Board of Immigration Appeals (BIA).  On February 5, 2009, WATSON's appeal with the BIA was dismissed. WATSON currently has a Second Circuit PFR with a stay of removal pending.

<u>LEGAL ANALYSIS:</u>

Section 321 INA, as it existed prior to WATSON's eighteenth birthday, states, in relevant part, the following:

*(a) a child born outside of the United States of alien parents, becomes a citizen of the United States upon fulfillment of the following conditions:*

*(1) The naturalization of <u>both</u> parents; or*

*(2) The naturalization of the surviving parent if one of the parents is deceased; or*

*(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if*

*(4) Such naturalization takes place while such child is under the age of eighteen years; and*

*(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under*

*clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.*

*(b) Subsection (a) of this section shall apply to an adopted child only if the child is residing in the United States at the time of naturalization of such adoptive parents, in the custody of his adoptive parent or parents, pursuant to a lawful admission for permanent residence.*

Section 320 INA, the law as it existed at the time of WATSON's birth and prior to his eighteenth birthday, states the following:

*(a)  A child born outside of the United States, automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:*
*(1)  At least one parent of the child is a citizen of the United States, whether by birth or naturalization*
*(2)  The child is under eighteen years.*
*(3)  The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.*
*(b)  Subsection (a) shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under 101(b)(1).*

Title 8 of the Code of Federal Regulations (CFR) Section 320.1 states that "Child" means a person who meets the requirements of Section 101(c)(1) of the Act.

INA Section 101(c)(1) defines child as follows:

*(c) As used in title III-*
*(1) The term "child" means an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, and, except as otherwise provided in sections 320, and 321 of title III, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of 16 (except to the extent that the child is described in subparagraph (E)(ii) or (F)(ii) of subsection (b)(1)), 18a/ and the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption.*

Pursuant to the definition of "child" as found in INA Section 101(c)(1), INA Sections 320 and 321 provide for derivation of United States citizenship through naturalization of the father of a child born out of wedlock if the child has been legitimated before age sixteen under the law of the child's or father's residence or domicile. Both New York and Jamaican law require marriage of the parents for legitimation (see Matter of Hines 24 I&N Dec. 544 (BIA 2008)).

However, the issue remains as to whether Hines is to be applied purely prospectively or whether it has a retroactive effect. If Hines is a purely prospective interpretation of the law, Watson would be a derivative United States citizen pursuant to Matter of Clahar, 18 I&N Dec.1 (BIA 1981). Clahar held that all children born in Jamaica were legitimate at birth.

ICE.2014FOIA901.000024

Pursuant to Clahar, at the time of his father's naturalization, Watson would have met the definition of child at INA § 101(c)(1) and would have fulfilled the conditions for derivative United States citizenship at INA § 320.

It is, therefore, possible that Watson is a derivative United States citizen.

## CONCLUSION AND RECOMMENDATION:

Following further discussion with OPLA HQ, USCIS counsel, and DHS/OGC, it is concluded that Watson has provided probative evidence of United States citizenship based on Clahar. It is recommended that he be immediately released from DHS custody.

ICE.2014FOIA901.000025

# EXHIBIT Q

U.S. Department of Homeland Security

**Notice to EOIR: Alien Address**

Date: **November 2, 2011**

File No: `A046 633 823`

Event No: (k)(2),(b)(7)(e)

To:    Office of the Immigration Judge
Executive Office for Immigration Review
**Jfk Federal Building 15 New Sudbury St,
Room 320**
Boston, Massachusetts 02203

From: Department of Homeland Security

**Field Office Director 1250 Poydras St
Suite 325**

**New Orleans, Louisiana 70113**

     **Davino Hopeton WATSON**
Respondent: AKA:

---

**This is to notify you that this respondent is:**

☐ Currently incarcerated by other than DHS. A charging document has been served on the respondent and an Immigration Detainer- Notice of Action by the DHS (Form I-247) has been filed with the institution shown below. He/She is incarcerated at:

His/Her anticipated release date is: _____

☐ Currently detained by DHS at: _____

☐ Currently detained by DHS and transferred this date to a new location: _____

**DHS motion for change of venue attached.** ☐ Yes    ☒    No

☒ Released from DHS custody on the following condition(s):

    ☒ Personal recognizance

    ☐ Order of recognizance (Form I-220A)

    ☐ Bond in the amount of $ _____    ☐ Surety bond    ☐ Cash bond

    ☐ Other _____

☒ Upon release from DHS custody, the respondent reported his/her address and telephone number will be:

**1024 E 40th Street**

**Brooklyn, New York 11210**

**Phone not available**

☒ Upon [redacted] ndent was reminded of the requirements contained in section 239(a)(1)(F)(ii) of the Immigrati[on] (k)(2),(b)(6),(b)(7)c vided with an EOIR change of address form (EOIR-33).

                                               **Deportation Officer**
                                            (Title of DHS official)

(k)(2),(b)(6),(b)(7)c                **Gadsden, AL**

     (Printed name of DHS official)                      (Location)

Form I-830 (Rev. 08/01/07)

# EXHIBIT R

(b)(6), (b)(7)(C)

**From:**
**Sent:** (b)(6), (b)(7)(C)      Wednesday, November 02, 2011 11:38 AM
**To:**
**Cc:** (b)(6), (b)(7)(C)
**Subject:** FW: Watson Brief

Seems like we need to get him out of DHS custody ASAP.

(b)(6), (b)(7)(C)

**Deputy Chief Counsel**
**Buffalo Office of Chief Counsel**
**716-855-** (b)(6), (b)(7)(C)
**Blackberry: 716-888** (b)(6), (b)(7)(C)

*** *Attorney/Client Privilege Communication* *** *Attorney Work Product* ***

*This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).*

**From** (b)(6), (b)(7)(C)
**Sent:** Wednesday, November 02, 2011 11:06 AM
**To:** (b)(6), (b)(7)(C)
**Subject:** FW: Watson Brief

USCIS has just issued this determination, which is in agreement with the position in our brief. If so, Watson is a citizen.

(b)(6), (b)(7)(C)
Deputy Chief Counsel
U.S. Immigration and Customs Enforcement
Office of Chief Counsel
Stewart Detention Center
146 CCA Road
Lumpkin, Georgia 31815
229-838 (b)(6), (b)(7)(C)  office
202-277 (b)(6), (b)(7)(C)  blackberry
Email: (b)(6), (b)(7)(C)

*** Warning *** Attorney/Client Privilege *** Attorney Work Product ***

ICE 2013FOIA16230000089

This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).

**From:** (b)(6)(b)(7)(C)    [mailto                (b)(6), (b)(7)(C)
**Sent:** Wednesday, November 02, 2011 10:58 AM
**To:**        (b)(6), (b)(7)(C)
**Cc:**                (b)(6) (b)(7)(C)
**Subject:** RE: Watson Brief

Colleagues,



(b)(5), (b)(2)

Regards,

(b)(6), (b)(7)(C)

(b)(6), (b)(7)(C)
Special Counsel for Field Management
Office of the Chief Counsel
U.S. Citizenship and Immigration Services
Office:  305(b)(6)       )(C)
Cell:  305 (b)(        )(C)

38

ICE 2013FOIA16230000070

# EXHIBIT S

OMB No. 1615-0057, Expires 10/31/08

Department of Homeland Security
U.S. Citizenship and Immigration Services

**N-600, Application for
Certificate of Citizenship**

Print clearly or type your answers, using CAPITAL letters in black ink. Failure to print clearly may delay processing of your application.

**Part I. Information about you.** *(Provide information about yourself, if you are a person applying for the Certificate of Citizenship. If you are a U.S. citizen parent applying for a Certificate of Citizenship for your minor child, provide information about your child.)*

**If your child has an "A" Number, write it here:**
A# 046-633-823

**For USCIS Use Only**

1. **Current legal name**
   Family Name *(Last Name)*
   WATSON
   Given Name *(First Name)*
   DAVINO
   Full Middle Name *(If applicable)*
   HOPETON

2. **Name exactly as it appears on your Permanent Resident Card** *(If applicable).*
   Family Name *(Last Name)*
   WATSON
   Given Name *(First Name)*
   DAVINO
   Full Middle Name *(If applicable)*
   HOPETON

3. **Other names used since birth**
   Family Name *(Last Name)* | Given Name *(First Name)* | Middle Name *(If applicable)*
   NONE

4. **U.S. Social Security #** *(If applicable)*
   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
5. **Date of Birth** *(mm/dd/yyyy)*
   11/17/1984
6. **Country of Birth**
   JAMAICA W.I.
7. **Country of Prior Nationality**
   JAMAICA
8. **Gender**  ☒ Male  ☐ Female
9. **Height**  5' 11"

| Returned | Receipt |
|---|---|
| Date | |
| Date | |
| Resubmitted | |
| Date | |
| Date | |
| Reloc Sent | |
| Date | |
| Date | |
| Reloc Rec'd | |
| Date | |
| Date | |
| Remarks | |

N-600

**Part 2. Information about your eligibility.** *(Check only one.)*

**A. I am claiming U.S. citizenship through:**
☐ A U.S. citizen father or a U.S. citizen mother.
☐ Both U.S. citizen parents.
☐ A U.S. citizen adoptive parent(s).
☒ An alien parent(s) who naturalized.

**B.** ☒ I am a U.S. citizen parent applying for a certificate of citizenship on behalf of my minor (under 18 years) BIOLOGICAL child.

**C.** ☐ I am a U.S. citizen parent applying for a certificate of citizenship on behalf of my minor (less than 18 years) ADOPTED child.

**D.** ☐ Other *(Please explain fully)*

**Action Block**

DENIED
AUG X 4 2008
M. Morris
006152

**To Be Completed by**
☐ *Attorney or Representative,* if any.
Fill in box if G-28 is attached to represent the applicant.
ATTY State License #

Form N-600 (Rev. 10/15/07) Y

1243

**Part 3. Additional information about you.** *(Provide additional information about **yourself**, if you are the person applying for the Certificate of Citizenship. If you are a U.S. citizen parent applying for a Certificate of Citizenship for your **minor child**, provide the additional information about your **minor child**).*

1. **Home Address** - Street Number and Name *(Do not write a P.O. Box in this space)*          Apartment Number

| 1024 EAST 40th STREET | | | | PT |

| City | County | State/Province | Country | Zip/Postal Code |
| BROOKLYN | KINGS | N Y | USA | 11210 |

2. **Mailing Address** - Street Number and Name *(If different from home address)*          Apartment Number

| Note : SAME | | | | |

| City | County | State/Province | Country | Zip/Postal Code |
| | | | | |

3. **Daytime Phone Number** *(If any)*     Evening Phone Number *(If any)*     E-Mail Address *(If any)*

| (718) 377-7027 | (646) 321-3469 | TASHA75CLARE47@YAHOO.COM |

4. **Marital Status**

☒ Single, Never Married     ☒ Married     ☐ Divorced     ☐ Widowed

☐ Marriage Annulled or Other *(Explain)*     | N/A |

5. **Information about entry into the United States and current immigration status**

   A. I arrived in the following manner:

   Port of Entry *(City/State)*          Date of Entry *(mm/dd/yyyy)*          Exact Name Used at Time of Entry:

   | BKLYN NY JFK | 08/15/1998 | DAVINO H WATSON |

   B. I used the following travel document to enter:

   ☒ Passport

   ☒ Passport Number          Country Issuing Passport          Date Passport Issued *(mm/dd/yyyy)*

   | SRC 9900753390 | JAMAICA WI | |

   Other *(Please Specify Name of Document and Dates of Issuance)*

   | N/A |

   C. I entered as:

   ☒ An immigrant (lawful permanent resident) using an immigrant visa

   ☐ A nonimmigrant

   ☐ A refugee

   ☐ Other *(Explain)* _____

   D. I obtained lawful permanent resident status through adjustment of status *(If applicable)*:

   Date you became a Permanent Resident *(mm/dd/yyyy)*          USCIS Office where granted adjustment of status

   | N/A | N/A |

6. **Have you previously applied for a certificate of citizenship or U.S. passport?**     ☒ No     ☐ Yes *(Attach explanation)*

**Part 3. Additional information about you.** *(Provide additional information about yourself, if you are the person applying for the Certificate of Citizenship. If you are a U.S. citizen parent applying for a Certificate of Citizenship for your **minor child**, provide the additional information about your minor child).* **Continued.**

**7. Were you adopted?**  ☒ No   ☐ Yes *(Please complete the following information):*

| Date of Adoption *(mm/dd/yyyy)* | Place of Final Adoption *(City/State or Country)* |
|---|---|
| N/A | N/A |

| Date Legal Custody Began *(mm/dd/yyyy)* | Date Physical Custody Began *(mm/dd/yyyy)* |
|---|---|
| N/A | N/A |

**8. Did you have to be re-adopted in the United States?**  ☒ No   ☐ Yes *(Please complete the following information):*

| Date of Final Adoption *(mm/dd/yyyy)* | Place of Final Adoption *(City/State)* |
|---|---|
| N/A | N/A |

| Date Legal Custody Began *(mm/dd/yyyy)* | Date Physical Custody Began *(mm/dd/yyyy)* |
|---|---|
| N/A | N/A |

**9. Were your parents married to each other when you were born (or adopted)?**  ☒ No   ☐ Yes

**10. Have you been absent from the United States since you first arrived?** *(Only for persons born before October 10, 1952, who are claiming U.S. citizenship at time of birth; otherwise, do not complete this section.)*  ☒ No   ☐ Yes

If yes, complete the following information about all absences, beginning with your most recent trip. If you need more space, use a separate sheet of paper.

| Date You Left the United States *(mm/dd/yyyy)* | Date You Returned to the United States *(mm/dd/yyyy)* | Place of Entry Upon Return to the United States |
|---|---|---|
| N/A | N/A | N/A |
| | | |
| | | |
| | | |

**Part 4. Information about U.S. citizen father (or adoptive father).** *(Complete this section if you are claiming citizenship through a U.S. citizen father. If you are a U.S. citizen father applying for a Certificate of Citizenship on behalf of your minor biological or adopted child, provide information about **yourself** below.)*

**1. Current legal name of U.S. citizen father.**

| Family Name *(Last Name)* | Given Name *(First Name)* | Full Middle Name *(If applicable)* |
|---|---|---|
| WATSON | HOPETON | ULANDO |

**2. Date of Birth** *(mm/dd/yyyy)*

05/19/1954

**3. Country of Birth**

JAMAICA W I

**4. Country of Nationality**

USA

**5. Home Address** - Street Number and Name *(If deceased, so state and enter date of death.)*   Apartment Number

| 1024 EAST 40th STREET | | | | RVT |
|---|---|---|---|---|
| City | County | State/Province | Country | Zip/Postal Code |
| BROOKLYN | KINGS | NY | USA | 11210 |

**Part 4. Information about U.S. citizen father (or adoptive father).** *(Complete this section if you are claiming citizenship through a U.S. citizen father. If you are a U.S. citizen father applying for a Certificate of Citizenship on behalf of your minor biological or adopted child, provide information about yourself below.)* **Continued.**

6. **U.S. citizen by:**

   ☐ Birth in the United States

   ☐ Birth abroad to U.S. citizen parent(s)

   ☐ Acquisition after birth through naturalization of alien parent(s)

   ☒ Naturalization

   Date of Naturalization *(mm/dd/yyyy)*  —  Place of Naturalization *(Name of Court and City/State or USCIS or Former INS Office Location)*

   09/17/2002    U.S. DISTRICT COURT EASTERN DISTRICT

   Certificate of Naturalization Number — Former "A" Number *(If known)*

   A041458063

7. **Has your father ever lost U.S. citizenship or taken any action that would cause loss of U.S. citizenship?**

   ☒ No    ☐ Yes *(Provide full explanation on a separate sheet(s) of paper.)*

8. **Dates of Residence and/or Physical Presence in the United States** *(Complete this only if you are an applicant claiming U.S. citizenship at time of birth abroad)*

   Provide the dates your U.S. citizen father resided in or was physically present in the United States. If you need more space, use a separate sheet(s) of paper.

   | From *(mm/dd/yyyy)* | To *(mm/dd/yyyy)* |
   |---|---|
   | N/A | N/A |
   | | |
   | | |

9. **Marital History**

   A. How many times has your U.S. citizen father been married (including annulled marriages)?   ONE TIME

   B. Information about U.S. citizen father's **current spouse:**

   Family Name *(Last Name)* — Given Name *(First Name)* — Full Middle Name *(If applicable)*

   CARVEY — EUNICE — SONIA CLARE

   Date of Birth *(mm/dd/yyyy)* — Country of Birth — Country of Nationality

   04/11/1947 — JAMAICA — USA

   Home Address - Street Number and Name — Apartment Number

   1024 EAST 40th STREET — PVT

   City — County — State or Province — Country — Zip/Postal Code

   BROOKLYN — KINGS — NY — USA — 11210

   Date of Marriage *(mm/dd/yyyy)* — Place of Marriage *(City/State or Country)*

   09/12/1986 — BROOKLYN N.Y. USA

   Spouse's Immigration Status:

   ☒ U.S. Citizen   ☐ Lawful Permanent Resident   ☐ Other *(Explain)*

   C. Is your U.S. citizen father's current spouse also your mother?   ☐ No   ☒ Yes

**Part 5.  Information about your U.S. citizen mother (or adoptive mother).** *(Complete this section if you are claiming citizenship through a U.S. citizen mother (or adoptive mother).  If you are a U.S. citizen mother applying for a Certificate of Citizenship on behalf of your minor biological or adopted child, provide information about yourself below).*

1. **Current legal name of U.S. citizen mother.**

| Family Name *(Last Name)* | Given Name *(First Name)* | Full Middle Name *(If applicable)* |
|---|---|---|
| WATSON (LARDC) | EUNICE | SONIA CLARE |

2. **Date of Birth** *(mm/dd/yyyy)* 04/11/1947   3. **Country of Birth** JAMAICA W.I.   4. **Country of Nationality** USA

5. **Home Address** - Street Number and Name *(If deceased, so state and enter date of death)*  1024 EAST 40th STREET   **Apartment Number** NT

| City | County | State/Province | Country | Zip/Postal Code |
|---|---|---|---|---|
| BROOKLYN | KINGS | N.Y. | USA | 11210 |

6. **U.S. citizen by:**

☐ Birth in the United States

☐ Birth abroad to U.S. citizen parent(s)

☐ Acquisition after birth through naturalization of alien parent(s)

☒ Naturalization

Date of Naturalization *(mm/dd/yyyy)* 09/16/1986   Place of Naturalization *(Name of Court and City/State or USCIS)* US of AMERICA EASTERN DIST of NEW YORK

Certificate of Naturalization Number 35817015   Former "A" Number *(If known)*

7. **Has your mother ever lost U.S. citizenship or taken any action that would cause loss of U.S. citizenship?**

☒ No   ☐ Yes *(Provide full explanation on a separate sheet(s) of paper.)*

8. **Dates of Residence and/or Physical Presence in the United States** *(Complete this only if you are an applicant claiming U.S. citizenship at time of birth abroad)*

Provide the dates your U.S. citizen father resided in or was physically present in the United States. If you need more space, use a separate sheet(s) of paper.

| From *(mm/dd/yyyy)* | To *(mm/dd/yyyy)* |
|---|---|
| N/A | N/A |
| | |
| | |

9. **Marital History**

A. How many times has your U.S. citizen mother been married (including annulled marriages)?   TWICE

B. Information about U.S. citizen mother's current spouse:

| Family Name *(Last Name)* | Given Name *(First Name)* | Full Middle Name *(If applicable)* |
|---|---|---|
| WATSON | HOPETON | ULANDO |

| Date of Birth *(mm/dd/yyyy)* | Country of Birth | Country of Nationality |
|---|---|---|
| 05/19/1954 | JAMAICA W.I. | USA |

**Part 5. Information about your U.S. citizen mother (or adoptive mother).** *(Complete this section if you are claiming citizenship through a U.S. citizen mother (or adoptive mother). If you are a U.S. citizen mother applying for a Certificate of Citizenship on behalf of your minor biological or adopted child, provide information about yourself below.)* **Continued.**

C.   Information about U.S. citizen mother's current spouse: *(Continued.)*

Home Address - Street Number and Name

1024   EAST   40th   STREET

Apartment Number: PVT

| City | County | State or Province | Country | Zip/Postal Code |
|---|---|---|---|---|
| BROOKLYN | KINGS | NY | USA | 11210 |

Date of Marriage *(mm/dd/yyyy)*: 09/12/1986

Place of Marriage *(City/State or Country)*: BROOKLYN NY USA

Spouse's Immigration Status:

[X] U.S. Citizen      [ ] Lawful Permanent Resident      [ ] Other *(Explain)*

D.   Is your U.S. citizen mother's current spouse also your father?      [ ] No      [X] Yes

---

**Part 6. Information about military service of U. S. citizen parent(s).** *(Complete this only if you are an applicant claiming U.S. citizenship at time of birth abroad.)*

1.   Has your U. S. citizen parent(s) served in the armed forces?      [ ] No      [ ] Yes

2.   If "Yes," which parent?      [ ] U.S. Citizen Father      [ ] U.S. Citizen Mother

3.   Dates of Service. *(If time of service fulfills any of required physical presence, submit evidence of service.)*

| From *(mm/dd/yyyy)* | To *(mm/dd/yyyy)* | From *(mm/dd/yyyy)* | To *(mm/dd/yyyy)* |
|---|---|---|---|
| | | | |

4.   Type of discharge.      [ ] Honorable      [ ] Other than Honorable      [ ] Dishonorable

---

**Part 7. Signature.**

I certify, under penalty of perjury under the laws of the United States, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records, or my minor child's records, that U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking.

| Applicant's Signature | Printed Name | Date *(mm/dd/yyyy)* |
|---|---|---|
| Hopeton Watson | HOPETON U WATSON | 7/7/08 |

---

**Part 8. Signature of person preparing this form, if other than applicant.**

I declare that I prepared this application at the request of the above person. The answers provided are based on information of which I have personal knowledge and/or were provided to me by the above-named person in response to the questions contained on this form.

| Preparer's Signature | Preparer's Printed Name | Date *(mm/dd/yyyy)* |
|---|---|---|
| | | |

Name of Business/Organization *(If applicable)*

Preparer's Daytime Phone Number: (   )

Preparer's Address - Street Number and Name

| City | County | State | Zip Code |
|---|---|---|---|
| | | | |

**NOTE:  Do not complete the following parts unless a USCIS officer instructs you to do so at the interview.**

## Part 9.  Affidavit.

I, the (applicant, parent or legal guardian) _____ do swear or affirm, under penalty of perjury laws of the United States, that I know and understand the contents of this application signed by me,  and the attached supplementary pages number (____) to (____) inclusive, that the same is true and correct to the best of my knowledge, and that corrections number (____) to (____) were made by me or at my request.

Signature of parent, guardian or applicant

Date *(mm/dd/yyyy)*

Subscribed and sworn or affirmed before me upon examination of the applicant (parent, guardian) on _____ at

Signature of Interviewing Officer

Title

## Part 10.  Officer Report and Recommendation on Application for Certificate of Citizenship.

On the basis of the documents, records and the testimony of persons examined, and the identification upon personal appearance of the underage beneficiary, I find that all the facts and conclusions set forth under oath in this application are ☐ true and correct; that the applicant did ☐ derive or acquire U.S. citizenship on _____ *(mm/dd/yyyy)*, through *(mark "X" in appropriate section of law or, if section of law not reflected, insert applicable section of law in "Other" block):*   ☐ section 301 of the INA   ☐ section 309 of the INA   ☒ section 320 of the INA   ☒ section 321 of the INA   ☐ Other

and that (s)he ☐ has ☐ has not been expatriated since that time. I recommend that this application be ☐ granted ☒ denied and that ☐ A or ☐ AA Certificate of Citizenship be issued in the name of _____

District Adjudication Officer's Name and Title

Michele D. Morris, DAO

District Adjudication Officer's Signature

I do ☐ do not ☐ concur in recommendation of the application.

District Director or Officer-in-Charge Signature

Date *(mm/dd/yyyy)*

Form N-600 (Rev. 10/15/07) Y Page 7

**U.S. DEPARTMENT OF HOMELAND SECURITY**
Citizenship & Immigration Services
*Federal Center*
*130 Delaware Avenue*
*Buffalo, New York 14202*

**DECISION**

Refer to this File Number:  A046 633 823

Date:  **AUG 0 4 2008**

**Davino Hopeton Watson**
**Buffalo Federal Detention Facility**
**4250 Federal Drive**
**Batavia, NY 14020**

It is ordered that your Form N-600, Application for Citizenship

☒ be denied because:

☐ be revoked because:

**Please see attached.**

**You may, if you wish, appeal this decision.  You must submit such an appeal to THIS OFFICE with a filing fee of $585.00.  If you do not file an appeal within the time allowed, this decision is final.**

☐    The Board of Immigration Appeals (Board) in Falls Church, Virginia.  It must reach this office <u>within 30 calendar days</u> from the date this notice is served (18 days if this notice is mailed).

☒    The Administrative Appeals Unit (AAU) in Washington, D.C.  It must reach this office <u>within 30 calendar days</u> from the date this notice is served (33 days if this notice is mailed).

**Do NOT send your appeal directly to the Board or to the AAU.  Please direct any questions you may have to the Immigration and Naturalization Service office nearest your residence.**

Sincerely yours,

for *Edward A. Newman*

**Edward A. Newman**
**Field Operations Director**

Enclosure(s)

Form I-292 (Rev. 10-26-90)N

1251

## ATTACHMENT TO FORM I-292

**FILE:**              A46 633 823
**APPLICANT:**         **Davino Hopeton WATSON**
**APPLICATION:**       **Application for Citizenship Certificate, Form N-600**

Your Application for Certificate of Citizenship, (Form N-600), was filed on July 15, 2008 pursuant to Sections 320 or 321 of the Immigration and Nationality Act (INA). Section 321 INA, the law in effect at the time of your birth, was repealed by the Child Citizenship Act of 2000 {CCA} which became effective on February 27, 2001 - the CCA applies only to those children born on or after February 27, 2001 or those under eighteen years of age as of that date. Since you were under eighteen on February 27, 2001, we must also consider Section 320 INA, the current law and the law in effect prior to your eighteenth birthday. Your application is based upon your claim of derivation of United States citizenship through the naturalization of your father.

A review of the record establishes the following:

1. You were born on November 17, 1984 in Jamaica.
2. On August 4, 1998, you entered the United States as a lawful permanent resident of the United States on an immigrant visa.
3. The CCA went into effect on February 27, 2001. You were 16 years old on this date.
4. Your biological father, Hopeton Ulando Watson, was born on May 19, 1954 in Jamaica. He became a United States citizen on September 17, 2002. You were 17 years old on this date.
5. You turned eighteen years old on November 17, 2002.
6. Your biological mother, Dorette McFarlane, was born in Jamaica. She never became a United States citizen.
7. Your biological parents never married.
8. On your Form N-600, you indicated that you were never adopted yet you also indicated that Eunice Sonia Clare Carvey is your mother. You submitted no evidence to establish that she adopted you.

**Section 321 INA stated, in part, the following:**

"(A) a child born outside of the United States of alien parents..., becomes a citizen of the United States upon fulfillment of the following conditions:
   (1) *Naturalization of <u>both</u> parents;* or
   (2) *The Naturalization of the surviving parent if one of the parents is deceased;* or
   (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or *the naturalization of the mother if the child was born out of wedlock* and the paternity of the child has not been established by legitimation; and if
   (4) *Such Naturalization takes place while such child is under the age of eighteen years;* and
   (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years."

**Section 320 of the Immigration and Nationality Act states the following:**

"(a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

(2) *The child is under the age of eighteen years.*

(3) *The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.*

(b) *Subsection (a) shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under section 101(b)(1)."*

Title 8 Code of Federal Regulations (CFR) Section 320.1 states that "Child" means a person who meets the requirements of section 101(c)(1) of the Act."

**Section 101(c)(1) INA defines child as follows:**

*"(c) As used in title III-*

*(1) The term "child" means an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, and, except as otherwise provided in sections 320, and 321 of title III, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of 16 years (except to the extent that the child is described in subparagraph (E)(ii) or (F)(ii) of subsection (b)(1)), 18a/ and the child is **in the legal custody of the legitimating** or adopting **parent** or parents at the time of such legitimation or adoption".*

**8 CFR Section 320.3(b) requires the following evidence:**

*"...(b) Evidence.*

*(1) An applicant under this section shall establish eligibility under § 320.2. In addition to the forms and the appropriate fee as required in §103.7(b)(1) of this chapter, an applicant must submit the following required documents unless such documents are already contained in the Service administrative file(s):...*

*(v) If the child was born out of wedlock, documents verifying legitimation according to the laws of the child's residence or domicile or father's residence or domicile (if applicable);..."*

Pursuant to the definition of "child" as found in Section 101(c)(1) INA, Sections 320 and 321 INA provide for derivation of United States citizenship through the naturalization of the father of a child born out of wedlock, if the child has been legitimated before age sixteen under the law of the child's or father's residence or domicile. 8 CFR Section 320.3 requires that evidence of such legitimation be provided with the application. Both New York State and Jamaican law [see Matter of Hines 24 I&N Dec. 544 (BIA 2008)] require marriage of the parents for legitimation. The record contains no evidence that your father and biological mother were ever married. In fact, the record shows that your father was married only one time, to his current spouse, Clare Watson. Therefore, there is no evidence that you were legitimated. As such, you do not meet the definition of "child" as described in Section 101(c)(1) INA for purposes of derivative United States citizenship. In addition, although the Service has held that derivation of United States citizenship under Section 320 INA may apply to children born

out of wedlock who have not been legitimated but who have United States citizen mothers, there is no evidence that your biological mother is or ever was a United States citizen or that you were ever adopted by a United States citizen mother.  As such, you did not qualify as a "child" pursuant to Section 101(c)(1) INA as required for derivation of United States citizenship under Section 320 INA.  Therefore, you did not derive United States citizenship pursuant to Sections 320 or 321 INA and are ineligible for a Certificate of Citizenship.  Accordingly, your Application for Citizenship is hereby denied.