UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVINO WATSON, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | MEMORANDUM & ORDER <br><br> 14-CV-6459 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Plaintiff sues under the Federal Tort Claims Act for false arrest and imprisonment. 28 U.S.C. § 2671, *et seq.* His well-founded claims of citizenship arising from his father's naturalization were negligently denied by immigration authorities who kept him in detention for more than three years.

Following completion of a bench trial on liability pursuant to the Federal Tort Claims Act, a trial on damages will take place commencing on January 13, 2016 at 10:00 a.m. in Courtroom 10-B South. The parties shall furnish lists of witnesses with summaries of their proposed testimony, pre-marked exhibits, and proposed findings of fact and law on damages before the trial starts. *See* Mem. & Order, Oct. 2, 2015, ECF No. 82, incorporated as part of this order.

Based on the liability phase of the trial, proposed findings of fact and memoranda of law submitted by the parties, plaintiff is entitled to damages for 27 days of false imprisonment. An extensive integrated memorandum setting forth the court's complete findings of fact and law on liability and damages will be issued following the trial of damages.

The rule of law is: a person claiming United States citizenship is entitled to a prompt and full investigation by the government of that claim, unless it is plainly frivolous. In the instant



case, a negligent failure to properly investigate plaintiff's claim of citizenship led to his initial detention by immigration officials. Repeated and routine approval of the initial investigation by public officials without checking the facts was grossly negligent. It led to plaintiff's wrongful detention for 27 days.

Plaintiff was a young person who had no lawyer, was ill-educated, and was forced by circumstances to rely on the government to validate his claim. Those charged with investigating plaintiff's claim to United States citizenship stumbled badly. Had they not been negligent, plaintiff would not have been incarcerated.

The plaintiff was held beyond 27 days for an additional 1,246 days, but a change in the prevailing law made reasonable the government's conclusion – which was made 27 days after plaintiff's initial detention – that plaintiff was not a citizen. *See Matter of Hines*, 24 I. & N. Dec. 544 (BIA 2008). Another change in the law ultimately validated his citizenship, and he was promptly released. *See* Compl., filed Oct. 31, 2014, ECF No. 1, at Ex. P (ECF No. 1-1) (ICE's Revised Memorandum Re Plaintiff, Nov. 2, 2011).

After plaintiff was released from detention, he claims that he was not promptly issued a certificate of citizenship, causing him further harm. There is no showing of liability for any delay in the issuance of citizenship documentation. *See* Trial Tr., 393:22, 407:19-20; Def. United States of America's Post-Tr. Mem. of Law, Nov. 6, 2015, ECF No. 94, at 59-61.

The trial will be limited to damages for 27 days of false imprisonment.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 12, 2015
Brooklyn, New York